MILLER vs. BRIGOT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The person who furnishes materials to the undertaker, has no action against the owner of the buildings, when he suffers the latter to pay according to his stipulation with the former, before suit is instituted.

No debtor is bound to pay a debt by portions, and no partial transfer can be made by a creditor so as to be binding on a debtor, even when notice is given, except by the express consent of the latter.

The proprietor is not even obliged to accept a draft drawn on him by the undertaker, in favor of the material man, for a part of a payment which is to become due, nor to pay it then. He may pay the whole sum to the undertaker, when it is due, or when he receives the work, unless suit is previously brought.

This suit is instituted against N. Brigot, the proprietor, and J. M. Fernandez, the undertaker of three brick buildings for the former, to render the proprietor liable for a draft of six hundred dollars, which the undertaker drew on him, in favor of the plaintiff for materials furnished, payable when the buildings were completed, or out of the last instalment, which was protested for non-payment.

The defendant pleaded a general denial.

The evidence showed that Brigot, the proprietor, made the last payment and received the buildings and an acquittance from Fernandez, the 11th of November, 1834, and the present suit was instituted the 4th of December following. That before this payment was made, Fernandez drew the draft in question, which the proprietor refused to pay and suffered to be protested.

The cause on the testimony and arguments of counsel was submitted to a jury. The district judge charged, " that a furnisher of materials, as the plaintiff in this case, to an undertaker, (Fernandez) who is not paid, may bring his action and cause the moneys due to the undertaker by the

owner, to be seized, and he would of course be subrogated to the privileges of the former on the buildings of the latter ; but that this can only be done by suit. That the proprietor is not bound to pay a draft in favor of the material man, which would be paying a debt by portions, but that he can only be bound by a suit and seizure in his hands of money before it is due, and payable to the undertaker. The plaintiff's counsel took his bill of exceptions to the charge.

The jury returned a verdict for the defendant, Brigot, upon which judgment was rendered, and the plaintiff appealed.

*L. Janin,* for the plaintiff.

1. The true reason why defendant refused to accept the draft, though he now endeavors to gloss it over, is, that he had paid the undertaker in anticipation. Such payments are no defence against material men. *Louisiana Code,* 2745.

2. The pretension that plaintiff ought to have furnished no materials to the undertaker, without previously having taken defendant's consent is entitled to no consideration. The plaintiff and the undertaker never submitted to this improper interference.

3. The draft was an assignment of part of the funds created by the contract, and as soon as it was notified to the defendant, it was binding against him and against third persons in general. *Louisiana Code,* 2613.

4. The District Court erred in charging the jury, that notice of such an assignment could be given only by suit ; that defendant had a right to disregard every other kind of notice. The subrogation of material men to the rights of the undertaker, exists without a seizure ; the proprietor of the buildings is bound to respect it, as soon as he is distinctly informed of the agreement of both the undertaker and the furnisher of materials, that the value of the materials shall be paid by him. A seizure is one mode of notifying the proprietor of the claim and of arresting the funds in his hands ; the notice of the assignment is another, and not less effectual. A seizure may be necessary where the claim or its amount is not admitted by the undertaker, but when a settlement has

been made and a draft given, there is no necessity for the seizure. Nolte *vs.* His Creditors, 6 *Martin, N. S.*, 168.

5. The draft was payable only when the buildings should be delivered. It was then only that the plaintiff's claim against the defendant accrued, and the latter took an acquittance from Fernandez at the same time that he received the buildings. It is thus that he endeavored to defeat the plaintiff's rights by his own act, which cannot be tolerated.

6. The defendant was bound to accept the draft, and the plaintiff cannot, in consequence of his illegal refusal, suffer any loss.

*Preaux,* for the defendants.

1. The buildings for which the plaintiff alleges he furnished materials, were finished and received before the institution of this suit, so that if he ever had any claim, his privilege is lost, as the owner of the buildings and undertaker had settled.

2. Brigot, in his written contract with Fernandez, did not give the latter the right of drawing drafts on him, or dividing the debt into portions.

3. The time of payment was fixed, and the proprietor could not deviate from the written agreement without exposing himself to the danger of paying twice.

4. The plaintiff had no right of action against Brigot; he could only seize the amount of his debt in the hands of the proprietor by suit, before the payment became due, and in this way enforce his privilege, if any he had.

*Mathews, J.,* delivered the opinion of the court.

This is a suit brought by the furnisher of materials to a builder who undertook to erect certain houses for the defendant, in which the price or value of the materials furnished is claimed directly from the latter. The cause was submitted to a jury, a verdict was found for the defendant, and the plaintiff appealed from a judgment rendered in pursuance of the verdict.

EASTERN DIST.   The facts of the case show, that the materials were
June, 1835.   delivered to the undertaker to be used in the construction of

MILLER   the buildings for the defendant, and that an order or draft for
vs.
BRIGOT ET AL.   the price was given to the furnisher, drawn by the former on
the proprietor, to be paid out of a certain sum which was to
become due to the undertaker, on the completion of his
work.   The drawee refused to accept the draft, which was
protested, &c.   On the 11th of November, 1834 the buildings
were completed and delivered to the proprietor, who at that
time fulfilled the obligations arising from the contract between
him and the undertaker, by paying the full amount stipulated,
to the latter.   On the 4th of December following, the present
suit was commenced.

The legal questions arising out of the facts, were settled
by a charge of the judge *a quo*, to the jury, and the correct-
The person   ness of the verdict and final judgment depends on the
who furnishes
materials to the   propriety of the manner in which those questions were
undertaker, has
no action against   settled. The charge was based on the articles 2741, 2744 and
the owner of the   2745 of the *Louisiana Code*.   They relate to workmen who
buildings, when
he suffers the   have been employed by undertakers in the construction of
latter to pay ac-
cording to his   buildings, and persons who furnish materials, &c.   The
stipulation with
the former, be-   plaintiff is in the category of the latter, having furnished
fore suit is insti-   materials by contract with the undertaker.   According to
tuted.
No debtor is   article 2744, he had no action against the owner, the latter
bound to pay a   having paid the whole sum stipulated to the undertaker
debt by portions,
and no partial   before the institution of the present suit; and it does not
transfer can be
made by a cre-   appear that he paid in anticipation.   The judge below was
ditor, so as to be   therefore correct in stating to the jury, that under these
binding on a
debtor,   even   articles the plaintiff is without remedy.   But it is contended
when notice is
given, except by   on his part, that the order to pay, given by the undertaker
the express con-
sent of the latter.   and presented to the defendant, amounted to a transfer *pro*
The proprie-   *tanto* of the credit and notice to the debtor, according to
tor is not even   article 2613 of the Code, found in the chapter which treats of
obliged to accept
a draft drawn on   the assignment and transfer of debts, &c.
him by the un-
dertaker, in fa-   In answer to this proposition, it suffices to say, that no
vor of the mate-
rial man, for a   debtor is bound to pay a debt by portions, and it follows
part of a payment   as a corollary, that no partial transfer can be made by a
which is to be-
come due, nor   creditor, so as to be binding on a debtor, even when notice is

given, except by express consent of the latter. The proprietor in the present instance, was not bound to accept the draft of the undertaker ; he refused positively to do so, and consequently he assumed no obligation in favor of the holder. Neither was notice of the transfer binding on him, being for a part only of the debt which might become due to the undertaker.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
June, 1835.

