### VILLENEUVE LE BLANC v. THE PARISH OF EAST BATON ROUGE.

The holder of a warrant, drawn by the auditor on the treasurer of a parish, for a certain sum, cannot assign a part of it, without the consent of the parish authorities. The latter are not bound to pay their debts by portions ; nor will they be bound, though a draft for the part assigned was accepted by the treasurer, if he was not authorized to do so.

APPEAL from the District Court of East Baton Rouge, *Johnson,* J.

*Brunot,* for the appellant.

*Elam,* for the defendants.

MORPHY, J.   The plaintiff has taken this appeal from a judgment rejecting a claim of $305 50, he makes against the defendants, on a draft of one Thomas Wilkins for a larger sum' in his favor, drawn upon and accepted by A. Duplantier, their treasurer, this draft having been given to him by Wilkins, for lumber furnished to the latter, to be used in the construction of a parish jail.   The defence below was, that the defendants are in no way liable to the plaintiff, Thomas Wilkins having no authority to draw, nor A. Duplantier any to accept the drafts, so as to bind the parish for the payment thereof, and that all demands that Wilkins ever had against the parish of East Baton Rouge, were evidenced by warrants drawn by the auditor of the parish, in favor of said Wilkins, which have long since been paid.

The evidence shows that Thomas Wilkins, who contracted to build for the defendants a parish jail, received as the work progressed, warrants drawn by the auditor of the parish upon the treasurer, and that the latter was instructed by the Police Jury to pay no accounts against the parish, except on the warrant of the auditor ; that, at the date of the draft sued on, Wilkins held a warrant, signed by the auditor, for $1500, and drew on ac-

count of it not only the draft, the balance of which is claimed, but also a number of other drafts, amounting together to $1740, or thereabouts, which were accepted, but not paid by the treasurer. It is clear that these acceptances are not binding upon the parish ; the province of the treasurer being only to pay such sums as he is directed to pay. He was without authority to accept drafts drawn upon him as treasurer, by real or pretended creditors of the parish. The payment of $100 made by Duplantier on account of the draft, which was originally for $450 50, is a personal matter between him and Wilkins, for whose accommodation it was made. It was unauthorized by the defendants, who are yet liable for the warrant of $1500, held by Wilkins, if it has not been paid. They are not bound to pay their debt to Wilkins by portions ; and no partial assignment of it could be made to the plaintiff, without their consent. 8 La., 536. 3 Rob., 432.

*Judgment affirmed.*