Belden vs. Slaughter-house Company.

## No. 9550.

### SIMEON BELDEN VS. THE BUTCHERS' UNION SLAUGHTER-HOUSE COMPANY.

Dismissal of a suit, on motion of defendant's counsel, because of failure of plaintiff to furnish bond for costs as required by an order of the court, does not constitute such voluntary abandonment by plaintiff as will defeat the operation of the suit to interrupt prescription.

The charge that plaintiff had made a partial assignment of his claim to a third person, is not satisfactorily proved; and, besides, the defendant having received no notice of such transfer from the party, and not having assented to such division of its debts. is fully protected and has no interest in the question.

The right of plaintiff to recover value of services rendered is recognized, and value fixed at $1500.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

#### *Thos. J. Semmes* for Plaintiff and Appellee:

1. No partial transfer by a creditor binds the debtor, unless he assents thereto, and until such assent the partial transferee cannot sue. 8 La. 536; 3 R. 432.

2. In such case the equitable interest of the partial transferee is like that of a dormant partner represented by the original creditor. 9 Ann. 74.

3. When one party wrongfully puts an end to the contract, the other can recover value of his services. 110 U. S. 345.

#### *B. R. Forman* for Defendant and Appellant:

1. Where six distinct and separate causes of action are cumulated in one suit, plaintiff should state when each cause of action arose, and how much he claims on each cause of action C. P. 172.

2. (a) A suit for attorney's fees is prescribed in three years. C. C. 3538. (b) A previous suit not involving the same identical cause of action cannot interrupt prescription; (c) nor does a previous suit interrupt prescription when either abandoned or discontinued. C. C. 3519; Smith vs. Gibbon, 6 Ann. 684; Bell vs. Elliott, 8 Ann. 453; Denistoun vs. Rist, 9 Ann. 464; Elliott vs. Brown, 13 Ann. 579. (d) A suit filed in 1881, and bond for cost promptly ordered, which was never given and never brought to issue, and dismissed in 1884, is abandoned.

3. A corporation can only contract with and employ counsel by its board of directors, acting by resolution. Bright vs. Metairie Cemetery Association, 33 Ann. 58.

4. All parties in interest must be made parties to the suit, and where a plaintiff has assigned his claims he can no longer prosecute in his own name without joining the assignee.

5. When the original paper (a private writing) is not in the possession of, nor under the control of, the party offering it, parol evidence of its contents (and a fortiori an examined and certified copy) was admissible. Davidson vs. Davidson, 10 B. Monroe (Ky.), 115; Walter vs. Crabbs, 8 B. Monroe (Ky.), 11; Moody vs. Commonwealth, 4 Metcalf (Ky.), 1; Ralph vs. Brown, 3 Watts & Sergeant (Pa.). 395; Linday vs. Thomas, 26 Ga. 537; Shorter vs. Sheppard, 33 Ala. 648; Brown vs. Wood, 19 Mo. 475; Lynd vs. Judd, 3 Day (Conn.), 499; Flannigan vs. Lerbert, Bright (Pa.), 611; 3 Allen (Mass.), 518; Riggs vs. Taylor, 9 Wheaton, 484; Hyde vs. Hepp, 11 R. 159; Montgomery vs. Routh, 10 Ann. 316.

6. Where litigation has been brought on by an attorney's bad advice, and his professional labors have been in no way beneficial, he is not entitled to recover.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, an attorney at law, claims, in this action, compensation for professional services rendered to the defendant corporation in 1880 and 1881.

From a judgment against it for $3,000 the defendant appeals, and claims the reversal thereof on sundry grounds.

1st. It is urged that an exception to the vagueness and uncertainty of the petition was erroneously overruled. The plaintiff claimed a lump consideration for services in various distinct suits and proceedings.

Considering that he was employed as counsel of the company under a general retainer; that the object to be attained by the various services was the single one of maintaining defendant's right to conduct its business in the parish of Orleans; that this was the object and purpose of plaintiff's employment, and the services were all subsidiary thereto, we think the plaintiff was justified in treating the whole as substantially one service and claiming a lump consideration therefor.

2d. The prescription of three years is urged in bar of plaintiff's claim.

We consider the term of prescription to have begun at the date of plaintiff's discharge, under the facts of this case, where it is shown that payment for the services was to be postponed until the company had succeeded, which had not yet occurred.

The discharge took place on March 28, 1881, and this suit was brought only in January, 1885. But on the 29th of November, 1881, plaintiff brought a suit on the same cause of action and cited defendant therein, which suit continued pending until June, 1884, when it was dismissed on motion of defendant's counsel by reason of plaintiff's failure to comply with an order of the court requiring him to give bond for costs.

We cannot consider plaintiff's failure as such voluntary abandonment of the suit as is contemplated by C. C. 3519. The record shows that he obtained several extensions of the delay allowed him for furnishing the bond, the last as late as the 5th of June, 1884, and it is fair to presume he was unable to comply.

Prescription was suspended during the pendency of that suit, in so far at least as the causes of action now urged were embraced therein, The only one now presented, which was not then set up, is the service rendered in drafting defendant's act of incorporation; and as this is only one of several services, and as the judgment is for only one-half of the amount claimed, the latter may well stand, if otherwise sustained as to its amount.

Belden vs Slaughter house Company.

3d. It is urged that plaintiff was never employed by defendant.

This plea is totally inconsistent with his frequent appearances in judicial proceedings, with the knowledge and co-operation of defendant's officers, and with the formal resolution adopted by the board of directors on March 28, 1881, reciting that " Mr. Simeon Belden has neglected the proper prosecution of the business entrusted to him by this company, and he is hereby discharged as our attorney and no longer has any authorty to represent the company," etc.

We take occasion to say that the record does not disclose such neglect as would deprive plaintiff of his right to compensation, at least for past services.

4th. Another defense is that plaintiff, under his own agreement, was only to be paid after the company had succeeded in establishing its business.

We find that this agreement was contingent upon his being continued in the employment of the company; and the latter, having discharged him, cannot claim its benefit, but must respond for the value of services rendered.

5th. It is charged that, prior to the suit, plaintiff had assigned his claim for these fees to one Armstrong, and hence could not stand in judgment.

An attempt was made to prove an assignment to the extent of $1000, but we think the evidence is entirely insufficient; but, at all events, the company having received no notice of such assignment, and having never consented to such a division of its debt, and having submitted the matter to the court, will be amply protected and has no concern in the question.   See Miller vs. Brigot, 8 La. 536; King vs. Hazard, 5 N. S. 194; Kelson vs. Beaman, 6 La. 90.

6th.   This leaves for our determination only the question of the *quantum meruit* of the services.

We have given attentive consideration to the nature and extent of the services as exposed by the record, and conclude that their value has been over-estimated by the judge *a quo*.   It is true the questions involved were important, but the plaintiff's services did not extend to the point of having them determined in favor of defendant.   The suits with the Board of Health were unquestionably the result of bad advice and occasioned no benefit to the client.

The remaining suits were properly brought or defended, and the issues were framed therein in shape to provoke a determination of the momentous questions involved; and, in the meantime, to frustrate the

efforts of the Crescent City Slaughter-house Company to enjoin them from erecting their works and preparing to do business.

In May, 1881, about a month after plaintiff's discharge, this Court rendered its decisions removing every obstacle out of the way of defendant in the prosecution of its business.   33 Ann. 930, 934.

We have not omitted to notice that the last cited case does not figure as one of those for which the fees herein are claimed, but that does not affect our view of the case.

Although the Crescent City company afterwards obtained a new injunction in the Federal Court, that was dissolved by the Supreme Court of the United States, and defendant has recovered judgment for heavy damages on account of its wrongful issuance.

We consider that the services of defendant have contributed to the accomplishment of these results and that he is entitled to substantial compensation therefor.

Considering the importance of the questions, the number of the suits, the frequency and variety of the services, all of which must have occupied much of his time and study during the year and more, over which they extended, and yet with due regard to the drawbacks indicated, we have concluded to fix their value at fifteen hundred dollars, subject to the credit allowed thereon.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended by substituting fifteen hundred dollars for the three thousand dollars therein allowed, and that, as thus amended, the same be now affirmed; appellee to pay cost of this appeal.