## No. 10,824.

### H. & C. Newman vs. James E. Irwin.

1. In order to maintain and enforce an assignment of a credit, or incorporeal right, in respect to third persons, due proof must be made, not only of the transfer, but of notification having been given to the debtor of such transfer having been made, antecedent to any third person having acquired rights thereon.

2. A judgment is the highest evidence of a debt, and the title merges in the judgment. A judgment neither creates, adds to, nor detracts from a debt. It only declares its existence, fixes its amount, and secures to the creditor the means of enforcing it. A judgment on a promissory note extinguishes its negotiability. It is thereafter only transferable as other credits are.

3. One who charges the simulation, or other illegality, in the consideration of the transfer of a promissory note, is held bound to make clear proof of his allegations, as in all other cases of contract. Such proof does not go to the validity of the cause, on consideration of the note, as between the maker and payee.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

White, Parlange & Saunders for Plaintiffs and Appellees.

Fergus Kernan, contra.

The opinion of the court was delivered by

WATKINS, J. When this case was last before us, the averments of defendant's answer were carefully stated, the interlocutory decree rendered therein by the District Judge, refusing an injunction,

reversed, and the cause remanded for further proceedings. New-man vs. Erwin, 42 An. 720.

Recurring thereto, it appears that there are but two questions for decision, and they are: (1) the extinguishment *vel non* of the notes proceeded upon, by compensation prior to plaintiffs' acquisition of them; and (2) the simulation of plaintiffs' title to the notes them-selves.

The defendant, as maker of the notes sued on, does not gainsay plaintiffs' title to them, but the intervenor does.

The theory on which the defendant insists that compensation was accomplished is, that on the 2d of October, 1889, he purchased and acquired an undivided interest, or share, in a certain judgment, which was rendered by a competent court in the city of St. Louis, State of Missouri, in a suit styled and entitled Bank of Commerce of St. Louis vs. Katz & Mayer, upon the defendant's promissory note of $10,000.    Bank vs. Mayer, 42 An. 1033.

That the interest thus purchased was that of the bank against Albert Mayer, one of the members of the defendant firm, who is alleged to have been the owner of the notes in suit pending at the time of this transfer and assignment, and was effected thereby.

That the plaintiffs assumed to purchase said notes of Albert Mayer, subsequently to said transfer, to-wit: the 9th of October, 1889, whereas, in truth and fact, said notes had no existence at that time, having become extinguished by compensation antecedently, as stated above.

That, in the aforesaid acquisition of said undivided interest in said judgment, the defendant transferred and assigned to the said bank the property mortgaged, as an equivalent therefor; and, by this means, the "defendant expected to extinguish, by compensation, his mortgage *notes* to Mayer, discharge the mortgage from the property he had transferred to the bank, and thus secure to it an unincum-bered title." 42 An. 722.

The question presented to us at the threshold of the discussion, and one of serious and vital import to the defendant, is whether or not he really and legally accomplished and perfected his alleged ac-quisition of an interest in the judgment which the bank held against Mayer. To this question all others are subsidiary. It is needless to discuss the divisibility of a judgment without the judgment debtor's consent, if, in point of law, there has never been a transfer of the

judgment at all; and much the same may be said of other questions in the case.

True it is, that in our former opinion, it is stated that it was alleged in the answer that the defendant acquired by purchase from the bank an interest in the judgment it held against Mayer for a larger sum, " *with due notice to him of the transfer;*" but, in the course of the argument of defendant's counsel, the admission was made that such a notice was not a fact—there being in the transcript no proof of any such notice having been given to Mayer.

The contention of the defendant is, that he gave to the bank a title to the mortgaged property, in consideration of its transfer of an interest in the judgment it held against Katz & Mayer to him. He does not profess to have paid the price in money, but he claims to have given land in payment of the purchase price.

Under our law a giving in payment is an act by which a debtor gives a *thing* to his creditor, who is willing to receive it in payment of the sum due. R. C. C. 2655.

This transaction evidently was a giving in payment to the bank, and the bank, in consideration of this giving in payment, assumed to transfer to Erwin an interest in its judgment.

The law further declares that it is perfect only when followed by delivery. R. C. C. 2656.

That in the transfer of credits, the delivery takes place *between the transferrer and the transferee,* by the giving of the title (R. C. C. 2642), but the transferee of a credit is *only possessed,* as regards *third persons,* after *notice* has been given or accepted *by the debtor,* that the transfer has taken place. R. C. C. 2643.

These principles of law were examined in Bernard, Administrator, vs. Bank, 43 An. 50, and applied to a credit in bank, for which a check was drawn, but *notice* of same not having been given to the bank officers, during the lifetime of the drawer, the check holder was held without right to recover. The drawing of the check was deemed to be a giving in payment of a debt due the check holder, the effect of which was confined to them; the credit in bank being unaffected without notice to the bank, and the maker having in the meanwhile died, the contract lapsed, and the credit passed to the succession of the maker.

This credit in bank was deemed to be a chose in action, and controlled by the provisions of R. C. C. 2642.

In the instant case, the thing which the defendant claims to have acquired by the transfer of the bank to him, is a judgment—or an interest in a judgment. A judgment is also a credit, a chose in action, an incorporeal right, and like the credit, it can not be negotiated otherwise than by assignment and due notice to the judgment debtor.

"A judgment is the highest evidence of a debt, and the title merges in the judgment. So when a judgment is had upon a note, the latter is merged in the former, from which only by its reversal or recision can it be severed. * * * The debtor can not then plead against the claim, *thus merged* in the judgment, any prescription but that which bars the latter." 1 Hennen's Digest, p. 926, No. 6, and authorities.

"A judgment neither creates, adds to, nor detracts from, a debt. It only declares its existence, fixes its amount, and secures to the creditor the means of enforcing its payment." *Id.* No. 8, and authorities.

It matters not that suit was brought and judgment rendered upon negotiable promissory notes. As the title to the debt merged in the judgment, its negotiability, as commercial paper, ceased; and not the precepts of the *lex mercatoria*, but those of the Civil Code, apply to its transfer and assignment.

This being the case, the bank's assignment to Erwin of an interest in the judgment was unavailing, without notice thereof to Albert Mayer, the judgment debtor, antecedent to his transfer of the notes in controversy to the plaintiffs. The question of the compensability of the notes and judgment need not be discussed, as it could only arise after the perfection of the assignment.

In respect to the intervenor's complaint of the *bona fides* of the plaintiffs' purchase of the notes from Albert Mayer, little need be said. Inasmuch as plaintiffs do not contend that they acquired them *before* their maturity, they are in their hands, confessedly, subject to all offsets and equities *existing between the maker and payee.* But no such equities or offsets are urged or proved. The only doubt or distrust the allegation or evidence of the intervenor purports to throw upon the transaction, is in relation to the *price* plaintiffs paid therefor. That does not appertain to the cause, or consideration of the notes themselves. They are unquestioned and unquestionable.

In respect to the consideration paid by the plaintiffs, the evidence leaves no doubt in our mind as to its reality and genuineness.

Judgment affirmed.