ROGERS, Justice.
 

 Henry Day Cain and Callie Franks were married on October 16,1896, but lived together only a few months. After their separation they were supposed to be divorced, and on January 25, 1900, Callie Franks married W. M. Cain, by whom she had a number of children. On April 26, 1900, Henry Day Cain married Emma Walker, now deceased, of which marriage several children were born.
 

 J. T. Jones secured from Callie Franks Cain on March 23, 1926, a power of attorney, contract, and deed, under which, on July 7, 1926, Jones filed a suit on behalf of Callie Franks Cain against Henry Day Cain, alleging they were not divorced, asking for a separation from bed and board, and claiming an undivided one-half interest in all property owned by the defendant. Mrs. Callie Franks Cain was at the time, and for many years prior thereto had been, a resident of Jasper county, state of Texas.
 

 Before the case came to trial, Callie Franks Cain died, namely, on December 31,1926, and on March 19, 1927, an attempt was made to substitute as parties plaintiff her father, brothers, and sisters as her heirs. The case, however, appears to have been dismissed upon motion of Henry Day Cain.
 

 Some months after the former suit was dismissed, Henry Day Cain filed this suit against J. T. Jones to cancel the power of attorney, contract, and deed held by him, and against the heirs of Mrs. Callie Franks Cain to be declared the owner of certain described real estate situated in the parish of Vernon. The trial of the case resulted in a judgment in favor of Henry Day Cain, decreeing him to be the owner of the property described in his petition, and ordering the instrument held by J. T. Jones canceled and erased from the public records. From this judgment, J. T. Jones took a devolutive appeal.
 

 The burden rests upon the appellant to show to the satisfaction of this'court that the judgment of which he complains is erroneous. Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544. Appellant has not only not done this, but he has apparently abandoned the case, since he has filed no brief and made no appearance whatever in this court. We find no warrant therefore for disturbing the judgment of the court below. Salassi v. Dougherty, 138 La. 1089, 71 So. 194.
 

 For the reasons assigned, the judgment appealed from is affirmed.