154 So. 913

**CARROLL v. DAVID.**

No. 32812.

April 23, 1934.

F. B. Cappel, of Alexandria, for appellant.

K. Hundley, of Alexandria, for appellee.

O'NIELL, Chief Justice.

The plaintiff has appealed from a judgment dismissing her suit on an exception of no cause of action. The defendant has moved to dismiss the appeal for want of jurisdiction, because the amount in contest does not exceed $2,000. In fact, the amount in contest is less than $2,000. The object of the suit is to annul a sale of certain bank scrip, on the ground of fraud and misrepresentation on the part of the buyer, as to the value of the scrip. It is alleged that the face value of the scrip was $2,474.58, that the actual or cash value was only $1,732.20, and that the defendant, Victor T. David, by fraud and misrepresentation, bought the scrip for only $172 from the plaintiff's mother, Mrs. Letty A. Pettyjohn, who is now dead. It is alleged that the defendant, David, claiming to be a creditor, was appointed administrator of the succession of Mrs. Pettyjohn, and that the inventory of the estate, made at his instance, amounts to only $372, including the $172, which he had deposited in bank to the credit of her account, as the price of the scrip which he bought from her.

The prayer of the petition is that the sale of the scrip shall be decreed fraudulent and

null, and that the amount or value of it shall be inventoried as an asset of the succession; and, in the alternative, that, if the sale of the scrip for only $172 should be deemed a donation, it should be reduced to the disposable portion, one-third of the estate.

If the value of the scrip was and is, as the plaintiff alleges, 70 per cent. of its face value, or $1,732.20, that, and not the face value, is the amount in contest. If the question of appellate jurisdiction is to be determined by the amount of "the fund to be distributed,"—as provided in section 10 of article 7 of the Constitution, the amount is only $1,732.20 plus the other assets of $200, or a total of $1,932.20, according to the allegations of the petition. The amount of the alternative demand, that if the sale of the scrip for only $172 should be deemed a donation it should be reduced to a third of the value of the whole estate, is also, of course, less than $2,000.

It is alleged in the petition that the defendant "purchased with the scrip he thus fraudulently obtained" a certain lot in a certain addition to Alexandria, "for a consideration of $2,300." We take that to mean that the consideration for the lot was stated in the deed to be $2,300; for it is not alleged that the lot was worth $2,300. But, even if the allegation should be held to mean that the value of the lot was $2,300, the allegation would not affect the question of appellate jurisdiction, because the plaintiff is suing for the value of the scrip, $1,732.20, or rather for the difference between its value and the price at which it is said to have been sold, $172; hence the additional claim that the city lot which is said to have been "purchased with the scrip" should be decreed to belong to the succession of Mrs. Pettyjohn is too far-fetched and inconsistent to have serious consideration. In fact, the claim for the lot is not even made as an alternative claim, but is made in addition to the claim for the value of the scrip, which is said to have been used by the defendant to buy the lot.

Our conclusion is that the amount in contest, as well as the fund which will have to be distributed if the plaintiff's demand shall prevail, is less than $2,000, and, therefore, that the case belongs in the Court of Appeal.

It is ordered that this case be transferred to the Court of Appeal for the Second Circuit, provided that the appellant shall file the record in that court within 30 days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.

ST. PAUL, J., absent.