## SOUTHERN KRAFT CORPORATION v. LOUISIANA TAX COMMISSION et al.

No. 4859.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

A. Leonard Allen, of Winnfield, for appellants.

Madison, Madison & Fuller, of Bastrop, for appellee.

MILLS, Judge.

The Southern Kraft Corporation, the owner of two pulp and paper mills in the town of Bastrop, Morehouse parish, La., one known as the Bastrop Mill and the other the Louisiana Mill, made a rendition for each mill, in March, 1933, to the tax assessor of that parish as re-

quired by law. The amount returned for the Bastrop Mill was $1,337,306, and for the Louisiana Mill, $2,246,488. The assessor accepted this rendition, which was approved by the local board of review and equalization.

The Louisiana tax commission, in reviewing said assessments, altered this rendition and assessment as to the following items which were increased as shown by the following statement:

(1) Bastrop Mill:

Manufacturing plants from $181,270 to $191,340.

Machinery & Equipment from $1,015,690 to $1,072,110.

Merchandise from $123,670 to $130,010.

(2) Louisiana Mill:

Merchandise from $230,880 to $279,210.

Petitioner protested these increases to the police jury of Morehouse parish, sitting as a board of review on the 5th day of September, 1933, which adopted a resolution recommending that assessment of merchandise at each mill be reduced to the amount rendered, and that the petition for reduction as to the other items be given consideration.

When the matter was again presented to the tax commission, a satisfactory adjustment was made as to all items except the merchandise, as to which the recommendation of the police jury was rejected; the assessment standing as increased.

The term "merchandise" in the rendition and assessment includes raw materials, materials and supplies, pulp, paper, and pulp board.

The increased amount was arrived at by the tax commission by averaging the merchandise on hand January 1, 1933, and January 1, 1932, which the tax commission claims is the proper method, and that provided in Act No. 78 of 1932. Plaintiff claims that this act does not authorize or require an assessment on such a basis, and, in the alternative, pleads that, if it is so construed, it is unconstitutional, in that it is violative of the provisions of section 1 of article 10 of the Constitution of 1921.

The purpose of the suit as shown by the prayer of the petition is to obtain a reduction of the merchandise assessment to the figures in the rendition. The case was submitted on a stipulation admitting the correctness of the inventory assessment of January 1, 1932, and of January 1, 1933, and submitting that the only question before the court is whether assessment should be arrived at on the basis of inventory as of January 1, 1933, or the basis

of the average of the inventories of January 1, 1932, and January 1, 1933.

In the lower court this issue was decided in favor of plaintiff and the reductions ordered as prayed for. From this judgment defendant has appealed.

The pertinent portion of Act No. 78 of 1932, which amends section 7 of Act No. 170 of 1898, reads: " * * * And that in the assessment of merchandise, or, stock in trade on hand during the year preceding the calendar year in which the assessment is made, the inventory value of such merchandise, etc., shall be arrived at by computing the cost or purchase price of said shipment at the point of origin, plus the carrying charges to the point of destination, and the average value arrived at as above required shall be the basis for fixing the assessable value. * * * "

Answering article 10 of plaintiff's petition, which alleges that the tax commission bases its contention on the provisions of the above act, defendants aver: "Paragraph 10 needs no answer, other than to say that said assessment was made in accordance with what your defendants conceive to be the spirit of the law of Louisiana, and they aver that said assessment is legal."

In the stipulation found in the record it is admitted that "defendant is not questioning the correctness of the inventory assessment," meaning that of January 1, 1933.

The spirit of the tax laws of Louisiana is best exemplified by section 1 of article 10 of the Constitution of 1921, which provides in part: "No property shall be assessed for more than its actual cash value. * * * "

In a well-considered written opinion, the learned trial judge held in part:

"The Court is of the opinion that the Act in question, Act No. 78 of 1932, which is an act amending section 7 of Act No. 170 of 1898, sets forth the methods that are to be used in arriving at a true and correct inventory, to be filed and returned as of January 1st., for the calendar year in which the assessment is made.

"Also, the said Act sets forth the method or methods to be used by the Assessor in checking the correctness of said inventory returned by the taxpayer, or to be used in arriving at a proper basis of assessment in case no return is made or no inventory filed by the taxpayer.

"In the present case, the correctness of the inventory is admitted, and that question is not before the court.

"In view of the fact that this Court is of the opinion that where an inventory is actual-

ly made and returned by the taxpayer, and the correctness thereof is not questioned, the said inventory returned, as of January 1st, must be used, under the Act, as a basis for the assessment.

"Furthermore, should the Court hold otherwise, it would be forced to hold that said Act is unconstitutional, in view of article 10, § 1 of the Constitution."

Defendants made no appearance before this court and have favored us with no brief pointing out any error in the above judgment and opinion.

We can therefore only conclude that they have abandoned their appeal, which is accordingly dismissed. W. R. Ross & Son v. Riverton Gin Co., Inc. (La. App.) 154 So. 368.