## CARROLL v. DAVID.
### No. 4892.

Court of Appeal of Louisiana.
Second Circuit.
Jan. 9, 1935.

F. B. Cappel, of Alexandria, for appellant.

K. Hundley, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff by this suit against V. T. David, administrator of her mother's succession, seeks to have him restore to the succession the difference between the actual value of certificates or "scrip" issued by the Rapides Bank & Trust Company to deceased, when its doors closed for business, and the amount paid her therefor by defendant. The amount of said certificates is alleged to have been $2,474.58, and the price paid therefor is alleged to have been $172. They are alleged to have been worth 70 per cent. of their face amount when sold to David.

The sale of the certificates is attacked on the grounds of insufficient consideration and for fraud and misrepresentations on the part of David; in the alternative, should it be held by the court that said certificates were not sold to David by deceased, but, in fact, donated to him, that, as there were three major children of deceased, such donation exceeded the disposable portion and should be reduced in amount to one-third of deceased's estate at the time she died, and the difference should be covered into the succession to be administered and otherwise handled and distributed in the manner provided by law.

It is additionally alleged that David purchased certain real estate, described in the petition, in the city of Alexandria, La., with said certificates, and that this property right-fully belongs to said succession; and it is prayed that it be decreed to be an asset of said succession and inventoried and handled as such. These allegations and consonant prayer are not made in the alternative.

From a judgment sustaining an exception of no right and no cause of action, plaintiff appealed to the Supreme Court, which, after considering the question of jurisdiction ratione materiæ, decided that the amount in dispute or fund to be distributed did not exceed $2,000, and transferred the appeal to this court. 179 La. 713, 154 So. 913. The appeal is now before us.

In this court the appellant has filed no brief, nor was her counsel present when the case was reached for argument. In these circumstances, following a well-established rule, we presume the appeal has been abandoned. W. R. Ross & Son v. Riverton Gin Co. (La. App.) 154 So. 368; Southern Kraft Corp. v. Louisiana Tax Commission, et al. (La. App.) 157 So. 775.

For the reasons assigned, it is ordered that this appeal be, and it is hereby, dismissed as having been abandoned.