## SALTER v. WALSWORTH. *

### No. 5210.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

H. W. Ayres, of Jonesboro, for appellant.

W. T. Holloway, of Jonesboro, for appellee.

HAMITER, Judge.

The pertinent allegations of plaintiff's original petition are hereinafter substantially set forth. Defendant, E. A. Walsworth, on September 26, 1933, obtained judgment against plaintiff, Salter, for the sum of $1,089, with 5 per cent. per annum interest thereon from September 10, 1927, until paid, and for all costs, said judgment having been rendered in suit No. 3828, entitled E. A. Walsworth v. R. ·T. Salter, of

*Rehearing denied June 2, 1936.

the docket of the Third judicial district court in and for Jackson parish. (For convenience and brevity we shall hereafter refer to that judgment as the Walsworth judgment.) By virtue of a writ of fieri facias issued under the Walsworth judgment, the sheriff caused the seizure of certain real property belonging to plaintiff herein and was advertising it to be sold on June 15, 1935.

On June 26, 1926, a judgment was rendered in another proceeding in favor of Waller Motor Company, Inc., and against the said E. A. Walsworth for the sum of $2,106, with 8 per cent. per annum interest thereon from March 4, 1926, until paid, together with 10 per cent. additional on both principal and interest as attorney's fees, and for all costs, said judgment being recorded in the mortgage records of Lincoln and Jackson parishes. (This last-mentioned judgment will be referred to herein as the motor company judgment).

Nine days prior to the filing of the petition in the case at bar, or particularly on May 8, 1935, the amount of the Walsworth judgment, including costs, was $1,517.70, while the motor company judgment, exclusive of costs, totaled the sum of $4,015.44.

A four-ninths interest in and to the motor company judgment, representing the sum of $1,784.64, was transferred and assigned to plaintiff herein, R. T. Salter, and evidence of the transfer and assignment was recorded in the mortgage records of Lincoln and Jackson parishes. There is no allegation in the original petition, however, showing consent to or ratification of this transaction on the part of defendant, Walsworth. By reason of this transfer, plaintiff contends and alleges that the amount of the Walsworth judgment has been compensated, offset, and extinguished; that on the effecting of such extinguishment, he became a judgment creditor of Walsworth in the sum of $266.94; and that the seizure of his property, together with the advertising and offering of it for sale, is illegal and without authority.

Plaintiff further shows that, notwithstanding notice of the transfer of judgment and demands for the releasing of plaintiff's property having been given to Walsworth, the sheriff continued to advertise and offer the property for sale.

In this suit, plaintiff prays that, after due proceedings, a preliminary injunction issue against the sheriff and defendant, Walsworth, enjoining them from enforcing and collecting the Walsworth judgment and selling his property; that after final trial the preliminary writ of injunction be perpetuated; that such judgment be ordered canceled and erased from the records of Jackson parish; and for judgment against defendant herein in the sum of $100 as attorney's fees in the protection of his property.

After a hearing on rule, a preliminary writ of injunction issued without bond, as prayed for.

Thereafter, or definitely on June 26, 1935, defendant, Walsworth, excepted to plaintiff's petition as disclosing no cause or right of action.

On September 9, 1935, and before judgment on the exception, plaintiff, Salter, offered and filed an amended petition in which he adopted all of the allegations of his original petition, except he averred that the whole and entire motor company judgment, which was rendered in cause No. 7364 of the docket of the Third judicial district court for Lincoln parish, La., and which exceeds the sum of .$4,015.44, exclusive of costs, has been sold, transferred, and assigned to him, and that the Walsworth judgment against him has been extinguished, compensated, and set off and there is nothing due the said Walsworth by plaintiff. Service of this last-mentioned petition was made on defendant on the day of its filing.

Judgment was rendered and signed by the trial court on September 13, 1935, sustaining and maintaining defendant's exception of no cause or right of action, and dismissing plaintiff's suit with costs.

Plaintiff's motion for a rehearing was overruled, and, thereafter, orders of appeal, both suspensive and devolutive, were granted to him returnable to this court.

Counsel for both parties agree that there are two possible questions presented for determination by this court, viz.:

1. Can a portion of a judgment be assigned, without the debtor's consent?

2. Should the amended petition, offered for the purpose of curing a possible defect in the original petition, have been allowed and considered by the court when filed prior to the decision on the exception of no cause of action?

It is our purpose to discuss these questions in the order named.

The highest evidence of a debt is a judgment. It does not create, add to, or detract from the debt. It declares the existence of the indebtedness, fixed the amount due and owing, and provides a means for enforcing payment thereof. The judgment may be termed a credit, a chose in action, or an incorporeal right. Newman v. Irwin, 43 La.Ann. 1114, 10 So. 181.

It is a general rule of law that a debt cannot be divided by the creditor and partially assigned, without the debtor's consent, and thereby subject the debtor to separate actions. He is entitled to discharge the obligation as an entirety, according to his agreement. And, where a transfer of a part of the debt is attempted without the consent or, ratification of the debtor, although notice thereof has been furnished to him, he has the right to ignore the transfer and settle the entire indebtedness with the original creditor. 5 Corpus Juris (Assignments) § 60.

The Supreme Court of this state, in the case of Miller v. Brigot, 8 La. 533, which was decided more than a century ago, recognized this doctrine when it stated:

"In answer to this proposition, it suffices to say, that no debtor is bound to pay a debt by portions, and it follows as a corollary, that no partial transfer can be made by a creditor, so as to be binding on a debtor, even when notice is given, except by express consent of the latter."

In the case of Michel Bernard Cantrelle et al. v. Le Goaster, 3 Rob. 432, the court clearly points out:

"The question presented for our decision, can hardly be considered as an open one in this court. In accordance with the soundest principles of law, as well as of reason and equity, we have always held that a debt, as between creditor and debtor, is indivisible without the consent of both; and that, consequently, a debtor cannot be compelled to pay his debt to a number of transferees, among whom it may have suited the interest or convenience of his creditor to divide it. If he have any legal or equitable defence to set up against the claim, he is not to be subjected to the trouble and expense of litigating his rights with a number of persons, and in different courts. The provisions of the Code relied on by the appellee's counsel, and to be found in the chapter which treats of the assignment and transfer of debts, must be understood as applying only to entire debts, rights, and claims; and cannot be made to interfere with another express enactment in the same work, which declares that an obligation, susceptible of division, must be executed between the creditor and the debtor, as though it were indivisible. If a creditor cannot claim the payment of a debt by portions, it is clear that transferees, claiming under him, cannot exercise such a right. Civ.Code, arts. 2107, 2149. King and others v. Havard, 5 Mart.(N.S.) 193; Kelso v. Beaman, 6 La. [87] 90; Miller v. Brigot, 8 La. [533] 535. 6 Toullier, No. 760. 1 Pothier, Oblig. No. 300. Dumoulin, De Dividuorum et Individuorum, 2d Part, Nos. 6, 7."

The above-mentioned Miller Case has been cited with approval in Cantrelle v. Le Goaster, supra; Le Blanc v. Parish of East Baton Rouge, 10 Rob. 25, 26; Mayo v. Stroud, 12 Rob. 105, 109; Belden v. Butchers' Union Slaughterhouse Co., 38 La.Ann. 391, 393; and Interstate Trust & Banking Co. v. Young et al., 135 La. 465, 65 So. 611.

The underlying and basic reason supporting the prohibition of partial assignments of a debt is likewise applicable to the transfer of portions of a judgment. The judgment debtor should not be obliged and forced to withstand numerous vexatious and expensive garnishment proceedings and judicial sales brought about at various times by several persons under one judgment.

It is stated in 34 Corpus Juris (Judgments) § 989, that:

"Partial Assignments. In accordance with the general rule governing partial assignments of choses in action a partial assignment will not change the legal title to the judgment and cannot be enforced at law unless the judgment debtor consents thereto or unless the assignment is ratified by him."

In 15 Ruling Case Law § 235, we find:

"The partial assignment of a judgment without the consent of a judgment debtor does not, as a general rule, affect him. This is in accord with the principles usually governing partial assignments of choses in action. The creditor cannot split his demand, and by assignment of a portion thereof impose upon the debtor the legal obligation of paying the assignee."

Accordingly, as the original petition alleges the acquisition by plaintiff of only

a portion of the motor company judgment, and does not show consent or ratification of the debtor, we must conclude that it discloses no cause of action.

■ In considering the second contention, we are cognizant of the fact that this court has held on several occasions that a supplemental petition, filed before issue is joined and during the pendency of an exception of no cause of action, should be allowed and considered. Faulkner v. Milner-Fuller, Inc., et al. (La.App.) 154 So. 507; Eames v. Alexandria Contracting Co. (La.App.) 154 So. 510.

A careful study of those cases, however, discloses that they involved only ordinary proceedings. The case at bar furnishes an exception to the general rule and is to be distinguished from those cases in that here a conservatory writ issued' from and by reason of the original petition. The injunction is one of the conservatory writs known to our law. Code of Practice, art. 209. This exception has been clearly recognized and pointed out in the comparatively recent case of Terzia v. Grand Leader et al., 176 La. 151, 145 So. 363, 366, with Justice Odom writing the opinion, and also in the excellent treatise, entitled "The Exception of No Cause of Action in Louisiana," prepared by Henry George McMahon, professor of law, Loyola University, and published in 9 Tulane Law Review, page 51.

■ The original petition in the Terzia Case involved an alleged violation of a lease contract. A writ of provisional seizure issued therefrom and certain merchandise was seized. Defendants excepted to the petition as disclosing no cause or right of action against them, and moved that the seizure be dissolved on that ground. During the pendency of the exception and motion to dissolve, plaintiff filed a supplemental petition, over defendants' objection that it came too late. After concluding that the original petition set forth no cause of action, and that plaintiff was not entitled to the writ thereunder, the Supreme Court considered the question of the allowability of the amended petition. In beginning the discussion of that issue, the writer of the opinion reiterated the well-recognized principle of law that amendments are favored and should be allowed, provided they do not alter the substance of the demand. The following is then said:

"Whether this supplemental and amended petition should have been allowed if this were an ordinary suit, and whether the petition as amended sets out sufficient grounds for the seizure of defendant's property, are not the serious questions with which we are confronted. The question is whether a plaintiff, who procures the issuance of a writ of provisional seizure and thereby causes the defendant's property to be seized under a petition which sets out no valid grounds for the issuance of such writ and for the seizure of the property, can, by amending his pleadings after exception of no cause of action and motion to dissolve have been filed and while they are pending, maintain the original invalid writ and seizure?

"Our opinion is that he cannot. The right of a lessor to provisionally seize the property of the lessee and thereby oust him, temporarily at least, of possession and disrupt his business, is a harsh remedy and has legal sanction only because the lessor has a pledge on the property of the lessee for the payment of his rent. This right to seize arises only in cases where there is in law a right of pledge, and there can be no right of pledge and no privilege unless there exists the relationship of landlord and tenant or lessor and lessee between the seizing creditor and the seized debtor."

In the latter part of the opinion this broad language is used:

"*In all cases involving conservatory writs, where such writs issue under a petition or complaint so defective that it sets out no cause of action at all, the writ cannot be made valid by the subsequent filing of an amendment which does set out a cause of action; the amendment being the commencement of the suit.* A conservatory writ is valid only in case the cause for which it is issued is valid, and that cause must of necessity be set out in the petition or complaint under which it is issued. The petition and the affidavit supporting it are the foundation of the writ. In order that a complainant may obtain a conservatory writ, he must allege and swear that those facts, circumstances, and conditions exist which the law requires for the issuance of such writs. If the facts alleged and sworn to do not, as a matter of law, warrant the issuance of such writ, then the writ must fall and no subsequent allegations setting out a different cause of action can save it." (Italics ours).

The court further said:

"This rule was first announced by this court in 1844. The case of Rhodes et al. v. Union Bank, 7 Rob. 63, involved the validity of a writ of injunction, and it was there held, to quote the second paragraph of the syllabus, that:

" 'After a motion to dissolve an injunction, plaintiff cannot, by filing an amended petition containing new allegations, cure a radical defect in · his original proceedings, and thereby give effect to an injunction originally illegal.' "

As we have before observed, the case at bar involves a conservatory writ, the preliminary writ of injunction, issued from a petition which was so defective that it disclosed no cause of action. Conservatory writs can issue only from pleadings that are well founded in law. The original petition herein being invalid, the writ was necessarily a nullity, and it could not be enlivened and made valid by a subsequently filed amendment. Our conclusion, therefore, is that the trial judge was correct and acted properly in not considering the supplemental petition in passing on the exception.

We are of the opinion, however, that the exception of no right of action filed by defendant, Walsworth, should not also have been sustained. There is no law, of which we have knowledge, that would deny to plaintiff the right to pursue the remedy set out in this case, and, if a cause of action can be shown and proved, the right to obtain and enjoy whatever relief that might ultimately result therefrom. To sustain the exception would be equivalent to holding that he is without right to institute suit and stand in judgment in a case of this nature, even though his petition might disclose a cause of action. Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715. Also, the judgment would constitute res judicata in a later proceeding. The judgment maintaining the exception of no cause of action herein is predicated on the proposition that plaintiff has omitted from his petition certain allegations of fact necessary in the disclosure of a cause of action, and it is not a bar to a subsequent suit based on sufficient allegations. Consequently, plaintiff has a right of action herein, and if he can supply the above-mentioned required allegations in another suit, he will also have a cause of action.

Accordingly, and for the reasons herein given, it is ordered, adjudged, and decreed that the judgment of the trial court to the extent that it maintained the exception of no right of action, is reversed; in all other respects the judgment is affirmed. Costs of appeal shall be paid by appellant.