### STATE ex rel. BLOCKER v. SIMMONS, Clerk, et al.
#### No. 5263.

Court of Appeal of Louisiana.
Second Circuit.

June 26, 1936.

132

M. T. Monsour, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

HAMITER, Judge.

Appellant and relator alleges that he is the assignee and owner of a portion of the moneyed judgment rendered in suit No. 58905, entitled Germaine Cassiere v. Cuban Coffee Mills, Inc., et al., on the docket of the First judicial district court, Caddo parish, La. He seeks the issuance of a writ of mandamus to compel V. G. Simmons, clerk of that court, to issue a writ of fieri facias under the judgment, and to compel T. R. Hughes, sheriff of Caddo parish, to execute that writ by seizing and selling certain real estate.

The property sought to be seized and sold is presently owned by Mrs. Lalia S. Winham. She was not a party to the above-mentioned judgment, but she acquired the property from one of the debtors named therein, and, according to the allegations of the petition, said property is encumbered with a judicial mortgage resulting from the judgment.

On being served and cited to appear in this proceeding, Mrs. Winham excepted to the petition as stating no right or cause of action, and then answered.

The trial judge sustained the exception of no cause of action, recalled the rule on which the matter was presented, and rejected appellant's demands. From that judgment this appeal was prosecuted.

█ No appearance has been made in this court by appellant, either by assignment of errors, brief, or oral argument, and, under the jurisprudence of this state, we would be justified in assuming that he has abandoned the appeal. Brenard Manufacturing Co. v. Clawson Mercantile Co. Inc., 10 La. App. 209, 120 So. 649; Quilter v. Kearns, 135 La. 807, 66 So. 229; Guy v. McDuffie 123 La. 641, 49 So. 222.

█ However, we have reviewed the record and find no error in the judgment. As aforestated, the proceeding is predicated on appellant's alleged ownership, by assignment, of a portion of the above-mentioned moneyed judgment. The petition does not disclose that the judgment debtors or the appellee herein consented to or ratified the assignment. In the case of Salter v. Walsworth, 167 So. 494 (not yet reported [in State Report]), we held that a partial assignment of a judgment cannot be enforced at law unless the judgment debtor consents to the assignment or it is ratified by him. The opinion therein contains the following language: "The underlying and basic reason supporting the prohibition of partial assignments of a debt is likewise applicable to the transfer of portions of a judgment. The judgment debtor should not be obliged and forced to withstand numerous vexatious and expensive garnishment proceedings and judicial sales brought about at various times by several persons under one judgment."

The holding and reasoning in the Salter Case are applicable to the case at bar, even though appellee herein was not one of the debtors named in the judgment in question. Mrs. Winham's property is affected by the entire judgment, if at all, and, in the protection of her interests and rights, she should not be compelled to litigate with numerous persons in different and expensive legal proceedings.

The judgment is correct, and it is affirmed.