## RENEAU v. SEYBERT.

No. 5378.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Hoye Grafton, of Shreveport, for appellant.

Mabry & Carstarphen, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit for damages for personal injuries alleged to have been received by him in a collision between a motorcycle he was operating and an automobile driven by defendant.

■ The accident occurred on the Shreveport-Texarkana Highway in the town of Oil City, La. Defendant was the only person in his car at the time; and the motorcycle, operated by plaintiff, also carried a woman passenger on the rear seat. Plaintiff contends and testifies that he left his brother's garage, which was 25 feet east of the highway, and drove west to the paved highway, where he stopped and looked for traffic; that he saw defendant, who was traveling north a distance of more than 300 feet down the road. He then entered the highway and proceeded to the west side thereof, where he turned south and had traveled 80 feet, when he was run into by defendant. Plaintiff claims that he was off the pavement and on the graveled shoulder on his right-hand side and traveling about 4 or 5 miles per hour when the collision occurred; and that some distance south of the place of accident, defendant started gradually pulling his car to the left side of the road and continued until the car struck the motorcycle, which was knocked back on the pavement, and the car continued into the ditch before it was brought to a stop.

Plaintiff also contends that the motorcycle was struck on the right side. This last contention is a physical impossibility, under the other testimony given by him. It is not contended or even intimated that defendant did not have his full faculties at the time, or that there was anything mechanically wrong with defendant's car. The record clearly shows that defendant was in possession of all his faculties and reason, and that the car was in good running order. This being true, plaintiff's version of how and where the accident occurred is very unreasonable and would

require strong corroborative evidence to sustain it. The corroborative evidence does not sustain his version. The evidence is conclusive that the impact occurred a few feet left of the center of the highway, which is 18 feet wide. The motorcycle was lying there after the accident, and plaintiff and his woman companion were both picked up at that point a few seconds afterward.

Defendant's version of the affair is that he was traveling north on his right side of the highway at a moderate rate of speed when, without warning of any kind, plaintiff entered the highway from an alley and from behind a car parked on the highway at that point, at a rate of speed of 10 to 12 miles per hour and directly in the path of his car, at a distance of not more than 30 feet ahead of him. There was no intersection or crossing at this place; that in order to avoid running over plaintiff, which was inevitable if defendant continued his course, he applied his brakes, swerved his car suddenly to the left, and, in doing so, struck the motorcycle with the right fender of the car, very near the center of the highway. The car continued into the ditch on the left side of the road and stopped. Defendant's version is amply borne out by the testimony in the case, as well as by the physical facts. Defendant acted as any prudent man would have, under the circumstances. He was confronted with an emergency, which was not of his own making, but due entirely to plaintiff's negligence in entering the highway without first making sure he could traverse it without injury to himself or others. There was no negligence on the part of defendant.

The lower court rejected plaintiff's demands without written reasons. The judgment is correct.

This case was submitted without argument, and, after we had spent much time studying the 250 pages of testimony, we found that appellant had not favored us with a brief. Since appellant has neither argued nor briefed the case here, we do not know of what error, if any, he can complain. Under the circumstances, we ordinarily would dismiss the appeal as abandoned and not consume our time in studying a voluminous record of conflicting evidence dealing solely with facts, which the lower court had passed on. Since we have studied it, we prefer to pass on the merits in the manner in which we have.

The judgment of the lower court is affirmed, with costs.