**WINZEY et al. v. LOUISIANA INDUSTRIAL LIFE INS. CO., Inc.**

No. 1880.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1938.

Fred G. Benton, of Baton Rouge, for appellants.

Lloys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellee.

DORE, Judge.

The defendant insurance company issued two industrial policies on the life of Allentine Washington, one for $200 and the other for $98, both being issued on different dates and in separate policies. The plaintiff, Perninia Winzey, was made the beneficiary in both policies. The insured died on July 25, 1935, and on the following day the beneficiary made an assignment of both policies to the Capital Funeral Home, Inc., the other plaintiff, to secure it in the payment of the funeral expenses of the insured in the sum of $172.75.

The petition alleges that in September, 1935, the agent of the defendant insurance company came to the home of the plaintiff, Winzey, and by false representations induced her to accept a settlement on the $200 policy for the small sum of $12.40; that there was no objection to the other policy for $98 and it was paid in full; that the said agent induced plaintiff to sign a full release as a compromise for both policies for the sum of $110.40, $98 of which was to pay one policy in full, and the balance of $12.40 was in compromise of the other policy for $200, and it is alleged that said small sum is only $2 more than the amount of premiums paid on said poli-

cy. The said compromise settlement is attacked and sought to be set aside for fraud, and in the alternative, for lack of consideration to support the same. The sum of $12.40 received from the defendant was deposited in the registry of the court.

The defendant filed a pleading containing three separate exceptions: First, a misjoinder of parties plaintiff based on the ground that the beneficiary could not split up the claim and assign part of it to the funeral home; second, an exception of no cause or right of action; and third, a plea to the suit on the ground that the suit was filed more than two years after the death of the insured, contrary to a provision in the policy. This last plea is not urged in this court, and it needs no consideration.

The exception of no cause of action was sustained, and the suit was dismissed. The plaintiffs have appealed.

The exception of misjoinder of parties plaintiff is without merit. It is true that the beneficiary did make a partial assignment of the claim to the funeral home; and, in so far as the defendant debtor is concerned, this partial assignment could have no effect. Salter v. Walsworth, La. App., 167 So. 494. But where, as in this case, both the assignor and the assignee are before the court as plaintiffs, and the defendant cannot be affected in its defense, the partial assignment will be recognized by the courts. 4 American Jurisprudence p. 279, § 65; 6 Corpus Juris Secundum, Assignments, p. 1088, § 39.

The exception of no cause or right of action is based on the ground (a) that the petition does not allege that the false representations were made by defendant's agent with knowledge of their falsity and (b) that the petition does not allege that prior to the filing of the suit, plaintiffs offered to return the amount received under the compromise, viz: the sum of $110.-40.

The gist of the alleged fraudulent statements made by defendant's agent to the beneficiary is that he told her that the facts given in the claimant's statement and the physician's report showed that the insured died as a result of an abortion, which was construed as self destruction or suicide; that said representations were wholly false and untrue, in that the insured did not die of an abortion, and that the physician's report did not show that she died of abortion, and further that she did not die from

self destruction or suicide; that plaintiff relied on said statements and believed therefrom that there was no liability under the policy which contained a clause relieving the company of liability where the insured came to her death by suicide or self destruction.

■■ In our opinion, these allegations of misrepresentations on the part of the agent are sufficient to justify setting aside the compromise if they are proved to be true. If the agent told the beneficiary that the physician's report showed that the insured died from an abortion, when as a matter of fact the report did not show such a fact, there was a misrepresentation of a material fact. If the beneficiary was led to believe by statements of the agent that the insured died of an abortion and from suicide, when as a fact such was not the case, the misrepresentation is sufficient to set aside the compromise. In 11 American Jurisprudence, at page 277, under section 29, the law is stated as follows: "It is said that where the insured acts in mistake or ignorance of his rights, coupled with circumstances showing that an unfair advantage is taken of him, where he is deceived as to his legal rights under the insurance policy, or where settlement is made for a grossly inadequate consideration, the compromise will not be permitted to stand."

■ Furthermore, if the agent did not intentionally and knowingly misrepresent the facts and mislead the beneficiary in regard to her rights under the policy, then, according to the allegations of the petition, the insured did not die from suicide or self destruction, and there was no defense under the policy and therefore no

reason or basis for a compromise, as the insurance company owed the beneficiary the full amount of the policy.' There was in that case no consideration to support a compromise. 11 Amer.Jur. p. 264, § 18; Harris v. Unity Ind. Life Ins. Co., La. App., 178 So. 697.

■ It is clear from the allegations of the petition that the only claim sought to be compromised was that under the $200 policy; the other policy was paid in full. Under these circumstances, there was certainly no occasion for plaintiffs to return the $98 received in settlement of the other policy. The fact that the receipt covered the settlement under both policies can have no effect whatever on the policy settled in full, because the two policies were separate and distinct contracts, and so recognized by the insurance company. Plaintiffs do not claim that there was any fraud, deception or misrepresentations in the settlement of one of these contracts, and that contract has nothing to do with this suit. Plaintiffs have offered to return the consideration received under the compromise settlement made under the other contract and it is the compromise on this policy alone that is attacked and sought to be set aside.

For these reasons, the judgment appealed from is hereby annulled, reversed and set aside. It is further ordered that the exceptions of misjoinder of parties plaintiff and no cause or right of action are overruled; and the suit is hereby remanded to be proceeded with in accordance with law and the views herein expressed; defendant to pay the cost of this appeal, all other costs to await the final determination of the case.