McCALEB, Justice.
 

 Grand Lodge of the State of Louisiana, Knights of Pythias, an incorporated fraternal organization, brought this suit to be declared owner of the property and effects of Natchitoches Lodge No. 89, an unincorporated body created by plaintiff corporation. It alleged that, on March 8, 1945, it forfeited, in accordance with its laws and •orders, the property belonging to Natchi-toches Lodge No. 89 because the subordinate Lodge had violated the provisions of its charter by failing to hold meetings and pay taxes and dues exacted by plaintiff. It joined as defendants to the proceeding -the last-known officers of the subordinate Lodge and obtained an order appointing a curator ad hoc to represent all unknown and absentee members.
 

 The curator resisted the demand on behalf of all defendants (known and unknown) and, after a hearing, there was judgment in plaintiff’s favor recognizing it as owner of all property, real and personal, standing in the name of Natchitoches Lodge No. 89. The curator appealed from the adverse decision.
 

 Although the curator was duly notified of the fixing of the case for hearing, he did not appear or file a brief in support of the appeal. Instead, he addressed a letter to the Clerk of Court in which he stated that, since plaintiff’s action was instituted merely for the purpose of clearing title and because of the fact that he had no defense thereto, he was not contesting the matter.
 

 It is the well-settled jurisprudence of this State that, where the appellant makes no appearance whatever in the appellate court, it will be presumed that he has abandoned his appeal. Quilter v. Kearns, 135 La. 807, 66 So. 229; Salassi v. Dough-erty, 138 La. 1089, 71 So. 194; Conti v. Southern Ry. & Nav. Co., 144 La. 128, 80 So. 223; Berot v. Porte, 148 La. 957, 88 So. 231; Cain v. Jones, 177 La. 24, 147 So. 489; Johnson v. Continental Casualty Co., 183 La. 1042, 165 So. 194; Prevost v. Prevost; 193 La. 352, 190 So. 578; Willis v. Belle, 16 La.App. 320, 134 So. 263; Blount v. Woodward, La.App., 137 So. 880; De Soto Securities Co. v. Walker, La.App., 170 So. 277; Calhoun v. Hodges, La.App.,
 
 *303
 
 174 So. 209; Bridges v. Gantt, La.App., 187 So. 829; Ford v. Cohen, La.App., 187 So. 830; Brooks v. Coca-Cola Bottling Co. La.App., 1 So.2d 813; Kelly v. Elliott, La. App., 3 So.2d 295; Williams v. Frost Lumber Industries, La.App., 6 So.2d 781; Saline Lumber Co. v. Stewart, La.App., 17 So.2d 320; W. R. Ross & Sons v. Riverton Gin Co. Inc., La.App., 154 So. 368; Southern Kraft Corp. v. Louisiana Tax Comm., La.App., 157 So. 775; Carroll v. David, La.App., 158 So. 250; State ex rel. Bolin v. Webster Parish School Board, La.App., 159 So. 123; Abney v. Sneed, La.App., 160 So. 832; State ex rel. Blocker v. Simmons, La.App., 169 So. 131 and Reneau v. Seybert, La.App., 170 So. 375.
 

 In some of the cited cases, the courts have taken the position that the failure of appellant to make an appearance is tantamount to an acquiescence in the judgment appealed from and, on this theory, the judgment has been affirmed. In other cases, the courts have viewed the failure to appear solely as an abandonment of the appeal which authorizes its dismissal. We think that the latter aspect constitutes a better practice as we are disinclined to ratify judgments in cases where the appealing parties abandon the contest and tacitly acquiesce by their failure to appear. This is particularly so with respect to cases like the instant one, in which the court is asked to approve title resulting from a conventional forfeiture of property under a corporate charter.
 

 After all, an appeal is the recourse pursued in a superior tribunal to have the judgment of an inferior court corrected. Article 564 of the Code of Practice. It is not intended as a remedy for those who do not complain of error in the judgment of the inferior court. Rausch v. Barrere, 109 La. 563, 33 So. 602.
 

 The appeal is dismissed.
 

 O’NIELL, C. J., takes no part.