E. ARMORER, Administrator, *v.* MARGARET CASE et al.

*Purnell & Culberson* purchased from Mrs. *Davis*, the mother of *Purnell*, her rights in the succession of her mother. *Purnell* afterwards purchased from *Culberson*, his co-proprietor, his interest in the land acquired by the joint purchase, and paid two of the notes given for the purchase money. After his death, his widow resisted the payment of the remaining notes, alleging failure of consideration, and that they were given in error by her deceased husband, who was the owner of the land at the time of the purchase from his mother. *Held:* The purchase by *Purnell* from his mother was a recognition of title in her, and an acknowledgment of her right to sell. In subscribing the act, he virtually said to his co-vendee, I have no interest in or title to this property—he was therefore bound to his co-vendee for the purchase money.

APPEAL from the District Court of the Parish of Concordia, *Farrar,* J. *Stacy & Sparrow,* for plaintiff and appellant. *Shaw & Ogden,* for defendant.

CAMPBELL, J.   This litigation originated in the transactions which gave rise to the suit of *Armorer, Tutor,* v. *Case, Administrator, et al.,* recently decided; and by the consent of parties, the evidence contained in the record of that case, is to be considered in the decision of this. The relation of the parties to each other, and the history of their transactions, are stated in the case referred to.

*Eliza Davis, Thomas D. Purnell,* and *Mary C. Purnell,* wife of *Culberson,* were legitimate children of *Mary Purnell, Eliza* being the issue of the first marriage of their mother.

In 1842, Mrs. *Davis* sold to *Purnell & Culberson,* her rights in the succession of her mother, and on the 6th April, 1844, *Culberson* sold to his co-proprietor, *Purnell,* his interest in the land acquired by their joint purchase from Mrs. *Davis,* for $6000, payable in six annual instalments ; two of which were paid by *Purnell* before his death. His widow, assisted by her second husband, resists the payment of the four remaining notes, alleging failure of consideration and that they were given in error by *Purnell,* who was the owner of the land at the time of the purchase. There is no pretence of fraud or bad faith.

Even if it be conceded, that Mrs. *Davis* had no title by inheritence from her mother to the land sold, still, we think the heirs of *Purnell* are estopped from alleging that fact, as a bar to the suit brought by *Culberson,* because of their ancestor having been a party to the sale and a joint purchaser with *Culberson.* His purchase from Mrs. *Davis* was a recognition of title in her, and an acknowledgment of her right to sell. In subscribing the act, he virtually said to his co-vendor, I have no interest in or title to this property, and in his subsequent purchase and in the payment—so long as he lived—of the instalments as they fell due, he re-affirms it. Under the circumstances, we do not think the defence can be sustained. It was never urged by the ancestor of defendants, nor could it have been ; and the children will not be heard, when they proclaim that which equity and good conscience would not permit their father to set up as a defence.

In view of all the facts, we are inclined to regard the sale from Mrs. *Davis,* as a compromise of rights which were by no means free from doubt. On this point, however, as it is not necessarily involved in the decision of this question, we express no positive opinion. No effort is made to recover back from Mrs.

*Davis* the money paid for the land, and, in our opinion, the right of the plaintiff to recover, does not [in anywise depend upon the validity of Mrs. *Davis'* title.

It is alleged that *Culberson* did not pay his portion of the debt due for the purchase made by himself and *Purnell* from Mrs. *Davis.* No attempt was made to establish this allegation; but a contrary presumption results from the facts proved.

In view of these reasons, and those given in the case of *Armorer, Tutor,* v. *Case, Administrator,* we are of opinion that the judgment of the District Court should be reversed; which is decreed. It is further adjudged and decreed, that petitioner, *Edward Armorer,* do recover, in his capacity as administrator of the succession of *Thomas D. Purnell* and the said *Margaret Case,* administratrix, the sum of four thousand dollars, with interest at the rate of eight per cent. on one thousand dollars thereof, from January 1, 1847, and like interest on the like remaining sums from January 1st, 1848, 1849 and 1850; and that for the payment of said sum and interest, petitioners' mortgage and vendor's privilege be allowed and recognized, and that he have leave to enforce the same as claimed.

It is further ordered, adjudged and decreed, that petitioner do recover of and from the succession of said *Purnell* and his said administratrix, the further sum of eleven hundred and twenty-six dollars and fifteen cents, with six per cent. interest on one thousand and eighty-nine dollars and fifty-three cents thereof, from February 19, 1849. The costs of both courts to be paid by defendants and appellees.