No. 3087

Second Circuit

(Second Division)

DEVOE & RAYNOLDS CO., INC., v. TURPIN AND McCAIN

(April 9, 1931. Opinion and Decree.)

Joe B. Hamiter, of Shreveport, attorney for plaintiff, appellee.

Ernest L. McCain, of Shreveport, attorney for defendant, appellant, in propria personae.

TALIAFERRO, J. Plaintiff brought this suit in the city court of Shreveport against Guy E. Turpin and Ernest L. McCain, who formerly composed the Caddo Sign Company, a co-partnership, dissolved, to recover judgment in solido for $184.57, alleged to be due on open account for goods and building material sold said co-partnership before its dissolution.

Personal service of process was had on defendant McCain and domiciliary service was had on defendant Turpin.

Turpin answered the suit admitting liability to the extent of $134.57, and reconvened against plaintiff asking for judgment for $50 for "balance due on an account for certain services performed, sign painting, etc., which work was done and performed by Caddo Sign Company for plaintiff shortly after said company purchased the goods and materials under the account sued on." (Par. 7 of answer.)

Defendant McCain did not appear, nor answer, in the lower court, save to take appeal, and he has not made appearance, nor has he filed brief, in this court.

Judgment was rendered by the lower court against McCain for $184.57. It is si-

lent as to Turpin, save to reserve to plaintiff its rights against him, notwithstanding he admitted liability to the extent of $134.57.

## MOTION TO DISMISS APPEAL

Plaintiff filed motion to dismiss the appeal taken by McCain on following grounds:

(a) There was neither a petition filed, nor a motion made in open court for an order of appeal.

(b) That no order was ever granted by the trial judge authorizing the appeal.

The allegations of the motion to dismiss are corroborated by an affidavit of the clerk of the city court attached to the motion, notwithstanding the record in the case, certified to by said city clerk, contains the following minute entry from the city court's records, viz.:

"MAY 24, 1927.
"Motion for a devolutive and suspensive appeal to the Circuit Court of Appeal filed by defendant. Appeals granted and devolutive bond· fixed at $5.00 and suspensive bond according to law. Return date set for June 27, 1927."

After filing of the motion to dismiss, plaintiff, appellee, answered the appeal asking that same be decreed by this court to be frivolous and that appellant be condemned to pay statutory damages on that account; otherwise that the judgment appealed from be affirmed. This position is reaffirmed in plaintiff's brief. It is clear the motion to dismiss has been abandoned and it is denied.

## ON THE MERITS

The petition filed in the lower court does not disclose the nature of the partnership which was composed of the two defendants, operating under the firm style of "Caddo Sign Company"; that is, whether there was solidarity of obligation arising from the nature of the business the firm was engaged in, but it is alleged that the defendants were indebted in solido to plaintiff and the prayer follows the allegations.

There is no note of evidence in the record and in the absence of proof to the contrary we must assume that the city judge had sufficient evidence before him to warrant judgment condemning defendant McCain for the entire amount sued for.

As stated before, defendant McCain did not appear in the trial court nor file answer prior to rendition of judgment against him. He perfected appeal to this court by giving bond but beyond this has not identified himself with the case. We are satisfied this appeal was taken primarily for delay and if so has served the purpose well. Appellant will be condemned therefor. Code Prac. art. 907; Vieron v. Knapp, 9 La. App. 12; La. Digest, vol. 1, page 512.

For the reasons herein assigned, the judgment in favor of plaintiff, appealed from, is affirmed; and it is further ordered, adjudged and decreed that plaintiff, appellee, recover further judgment against the defendant Ernest L. McCain in the sum of 10 per cent of the judgment appealed from, and·.hereby affirmed, for frivolous appeal.

It is further ordered that appellant pay costs of suit.