No. 3173

Second Circuit
(Second Division)

———

WILLIS v. BELLE ET AL.

———

(May 7, 1931. Opinion and Decree.)

———

Lee & Lindsey, of Minden, attorneys for plaintiff, appellee.

Robertson & Gibbs, of Shreveport, attorneys for defendants, appellants.

CULPEPPER, J. Plaintiff brought suit against defendants upon a promissory note and obtained judgment. Defendants have appealed.

The note sued on was signed by defendants January 1, 1921, for $900, made payable to the Bank of Cotton Valley, matur-

ing January 18, 1921, and bearing 8 per cent per annum interest from maturity. It shows to have been indorsed in blank by the payee.

Defendants, answering, admit signing the note and admit plaintiff to be the holder and owner of same, but deny that they owe the debt. They allege they have paid $400 on the note, as shown by itemized list of payments which they allege is attached to the answer. It will be noted that there is not shown any such list attached as alleged. It is further alleged in the answer that the consideration of the note was used in purchase of land and construction of a public school building thereon, title to which is in the board of school directors of Webster parish, and that the debt represented by the note is a debt of said school board. They prayed for and obtained an order calling the school board in warranty. The record shows no answer to the call in warranty as having ever been filed, and no appearance by warrantors at any stage of the proceedings. The judgment, however, reserves to defendants all their rights against the school board under the call in warranty; also reserves to them all their rights against the heirs of Pat Williams, deceased, who was living at the time, and signed the note with defendants; the heirs of said deceased not having been made parties to the suit.

The suit was filed April 6, 1926, and answer filed May 3, 1926, and case set that same day for trial for June 21, 1926, presumably in presence of counsel for defendants, as the setting of the case for trial was on the same day answer was filed.

For some reason, not shown by the record, the case was not tried on the day fixed, but was tried on September 22, 1926, in the absence of defendants' counsel, and judgment rendered on that same day and signed the following day. On September 27, 1926, defendants filed a motion for a new trial on the alleged grounds: (1) That defendants' counsel was unavoidably absent on day of the trial through no fault of defendants; (2) that defendants have a good and valid defense; (3) because defendants' counsel had understood from an associate counsel for plaintiff that the latter would not insist upon a trial; (4) that the judgment is contrary to the law and the evidence.

On September 21, 1927, lacking only six days being a year after the motion for a new trial was filed, defendants secured an order of appeal. No appearance has been made by defendants before this court to the appeal taken, neither by counsel nor brief filed or otherwise. We assume the appeal has been abandoned, and shall so consider it.