No. 3956

Second Circuit

(Second Division)

———

## HARDMAN v. SCHILLING

———

(December 9, 1931. Opinion and Decree.)

———

G. Randell Whitmeyer, of Shreveport, attorney for plaintiff, appellee.

J. F. Phillips, of Shreveport, attorney for defendant, appellant.

TALIAFERRO, J. Plaintiff sues to recover a balance of $195 alleged to be due by defendant on account of rent. Defendant denies that he owes plaintiff any amount, averring that he has paid him or his agents or representatives all rent that accrued under the contract of lease between them.

Judgment was rendered for plaintiff for amount sued for on August 5, 1930, and on August 8th defendant filed motion for new trial, complaining that whereas his attorney was notified that the case was fixed for trial for August 8th, it was in fact taken up for trial, tried and judgment rendered and signed on August 5th in the absence of himself and his counsel. This motion was sustained and new trial granted. Presumably, the case was again tried on August 14th, as on this date another judgment was given plaintiff for the amount sued for, although the minutes of the court do not disclose that another trial was had on this date. Defendant again filed motion for new trial on ground that the judgment was contrary to the law and evidence in the case, which, on September 22nd, was overruled. The minutes of the court for this date read as follows:

"Motion for new trial overruled. Judgment reduced to $150.00. Judgment read, signed and filed."

It is from this judgment defendant appealed. Plaintiff has answered the appeal, praying that the judgment be increased to $195; that the appeal be decreed to be frivolous and that the statutory penalty of 10 per cent of the amount in controversy be assessed against defendant as damages for taking and prosecuting such appeal.

Defendant has made no appearance in this court, nor did he file brief. Evidently he has abandoned his appeal. We shall so treat it. Plaintiff is entitled to the relief asked for in his answer to the appeal.

When the City Court overruled defendant's motion for new trial on September 22, 1930, the judgment signed by it on August 14th became final so far as that court was concerned and thereafter it was without power, right or authority on its own motion to arbitrarily reduce or alter that judgment to any extent. C. P. 547, 548.

It is obvious defendant's dilatory tactics were invoked for delay only. We are informed in plaintiff's brief that defendant did not appear at either trial of the case; nor did he testify. We have no hesitancy in concluding that this appeal is frivolous and that the statutory penalty should be inflicted.

C. P. 907; DeVoe & Raynolds Co. v. Turpin, 16 La. App. 43, 133 So. 493.

For the reasons herein assigned, the judgment appealed from is hereby amended by increasing same to $195 with 8 per cent interest from March 5, 1930, until paid; and there is further judgment in favor of plaintiff condemning defendant to pay to him 10 per cent of this judgment as penalty for frivolous appeal and, as thus amended, the judgment appealed from is affirmed.