## McQUEEN v. PALMER. *
### No. 1367.

Court of Appeal of Louisiana. First Circuit.
June 11, 1934.

R. F. Walker, of Baton Rouge, for appellant.

George J. Woodside, of Clinton, for appellee.

MOUTON, Judge.

The defendant, Mr. Louis Elmo Palmer, was put in possession by the district court of two acres of land situated in the town of Jackson, parish of East Feliciana, as the surviving spouse of Mrs. Pearl Norwood Palmer, who was the only sister of the plaintiff.

The parents of plaintiff having died prior to the death of Mrs. Pearl Norwood Palmer, plaintiff is claiming the two acres of land, as the sole heir of her deceased sister.

Plaintiff's claim for the ownership of the property is grounded on the allegation that it was acquired by her sister with her separate funds, for her separate use and benefit.

The property is claimed by defendant as surviving spouse in community with his deceased wife, who died intestate, leaving neither father or mother, nor descendants.

The demand of plaintiff was dismissed, from which she appeals.

The defendant refers to three authentic deeds annexed to his answer and introduced in evidence, upon which he relies to show that the property was a community asset, entitling him to its possession and ownership as surviving spouse.

The first deed shows that he acquired the two acres of land in 1926 from T. E. Brewer, as the husband of Pearl Norwood. This was unquestionably a community acquisition.

In 1927, the following year, in a deed of sale in which he appears as the husband of Pearl Norwood, he sold the property for $400 to G. E. Dawson, all on credit represented by four promissory notes executed by his vendee. These notes were certainly community property.

Later, in 1928, the two acres of land were sold by Dawson to Mrs. Pearl Palmer, wife of defendant, by notarial act in which it is declared that the conveyance is made and accepted "in consideration of the sum and price of Four Hundred Dollars, payable by the return and cancellation of the 4 notes given by vendor to L. E. Palmer and more particularly described in the act of sale."

The price for this conveyance was evidently made in consideration of a sum of money which was due to the community then existing between defendant and his wife. The property was simply returned or retroceded and became a community acquisition, though in the name of the wife, as the repurchase was made during marriage. Civ. Code, art. 2402.

Plaintiff's counsel called defendant as a witness for cross-examination and propounded him several questions in reference to the property in question. He asked defendant as to whether he had not admitted to plaintiff that she was the sole heir of her sister, defendant's wife. Other questions of practically the same import were asked defendant. The whole purpose of this questioning, however, was to show that these two acres of land had been bought with the separate

*Rehearing denied June 30, 1934.

funds of the plaintiff and was her paraphernal property.

Counsel for defendant objected to that evidence and was sustained by the court because it tended to contradict by parol proof an authentic act without any foundation to permit the introduction of that character of evidence.

Counsel for plaintiff contends that he had the right to contradict defendant and to show that the property was a separate acquisition of his wife.

Act No. 126 of 1908, p. 185, which permits a party to cross-examine his opponent, says, such party does not vouch for the credibility of his opponent, and is not thereby estopped from impeaching his testimony. The privilege conferred on a party litigant under the provisions of that statute is not intended to permit him to introduce evidence which is inadmissible under the pleadings, under the pretense that the purpose is merely to impeach the testimony of his adversary.

Such a construction of the statute would be destructive of the safeguards provided for by the rules of evidence against the admission of illegal evidence or testimony.

In the petition of the plaintiff, the allegation is made that by false and fraudulent representation defendant had himself placed in possession of the property, as the owner. In this averment, however, there is no complaint whatsoever of there having been any error, fraud, or ambiguity in the sale of G. E. Dawson to Mrs. Pearl Norwood, wife of defendant, which had, as is hereinabove explained, restored the property to them as a community asset.

In no other part of plaintiff's petition is this sale by Dawson to defendant's wife attacked either for error, fraud, or ambiguity.

In the case of Charles Vial v. John O. Moll et al., 37 La. Ann. page 203, the court said:

"In the absence of a specific averment of error, fraud, ambiguity, or the like, oral testimony is inadmissible to contradict, vary, restrict or enlarge an authentic act."

This rule has been uniformly recognized and no additional citations are necessary.

In the sale of defendant to Dawson, the sale was made on credit represented by four notes, which unquestionably were obligations in favor of the community then existing between defendant and his wife. In the retrocession of the property from Dawson to Mrs. Palmer, it is distinctly declared that the price for this transfer was for the return and cancellation of these four notes. If plaintiff had been allowed to show by parol that the purchase in the name of Mrs. Palmer from Dawson had been made with her separate or paraphernal funds, that evidence would have been in clear contradiction to the terms of the Dawson deed, in which it appeared that the repurchase was for the community existing between defendant and his wife. Such testimony would have varied, enlarged, and contradicted the Dawson deed. It may also be remarked that such testimony could not have been admitted on the plea that it was to clarify an ambiguity, as the Dawson deed is clear and not ambiguous. Besides no such proof was admissible as there is no averment in plaintiff's petition that the deed is ambiguous, nor is there any allegation of error or fraud to warrant the admission of parol evidence.

Counsel for plaintiff refers to several cases where an acquisition made during marriage by the wife in her own name, she was permitted to prove by parol evidence that the property was purchased by her with her separate funds. This doctrine has been recognized in many decisions of our courts.

Counsel relies with confidence on the case of Terrell v. Cutrer, 1 Rob. page 367.

In that case the principle was recognized to the effect that the wife could prove that when she buys property in her own name, parol proof is admissible to establish the fact that it had been acquired with her paraphernal funds.

Counsel places his greatest reliance on that part of the opinion in that case, where the court said:

"It does not appear to us that the evidence, that the price stated to have been paid, was in fact paid out of the proper funds of the wife, is repugnant to the deed."

In this case, as before explained, the parol evidence offered to prove that the repurchase of the property from Dawson had been made with the separate funds of defendant's wife, would vary and contradict the recitals of the Dawson deed. As the evidence plaintiff is claiming should have been admitted would have had the effect, above stated, it would certainly have been "repugnant to the deed itself," which was not the situation, as appears by the language of the court used in the Terrell Case.

The parol evidence offered by plaintiff was properly excluded below for the foregoing reasons, and the suit was correctly dismissed.

Judgment affirmed.