*1043
 
 ODOM, Justice.
 

 Plaintiff brought this suit to recover certain benefits under an accident insurance policy issued to him by the defendant company, which policy provided that, in case the insured should be totally incapacitated to work by accident or disease, he should receive $50 per month during the continuance of such disability. He alleged that on the 6th day of November, 1933, while at work at a sawmill, one of the hones of his right leg was broken just above the .ankle, and that, due to said accident and injury, he was disabled for.a period of 11 months. In a supplemental petition he alleged that due to this accident he was permanently disabled, and prayed for judgment ordering the defendant company to pay him $50 per month for an indefinite period dating from November
 
 6,
 
 1933.
 

 The defendant company admitted that plaintiff had been accidentally injured, but alleged that he was disabled on account thereof for a period of only 90 days. It accordingly offered to pay him $150. The trial judge found that plaintiff was disabled for only 90 days and rendered judgment in his favor for the amount which the company admitted it was due him. The plaintiff appealed.
 

 The plaintiff has not followed up his appeal. Although notified that the case was set for hearing in this court for a certain date, his counsel did not appear to argue the case nor did he file a brief. Apparently the appeal has been abandoned. We might dispose of the case by dismissing the appeal on that ground, or we might follow the rule which we have observed in many cases, which is that, where there are no patent errors disclosed by the record and where an appellant fails to point out errors in the proceedings below, this court will affirm the judgment on the presumption that the judgment appealed from is correct.
 

 In the present case, however, we have read the testimony and find that it supports the judgment appealed from. The record makes it perfectly clear that plaintiff’s accident disabled him for a period of only 3 months. His own testimony shows that at the end of that period he went back to work for the same company, although doing work somewhat different from that which he was doing at the time he was injured. After being discharged by his physician, he went back to work and worked continuously for some 2 or 3 months, when he voluntarily quit. The physician who treated him for his injuries testified that he had discharged him as fully cured at the end of the 3-month period. Several lay witnesses testified that, when plaintiff went back to work, he performed his duties as though he had nevér received any injury at all.
 

 There is some testimony to the effect that, after going back to work, plaintiff received another accidental injury some 2 or 3 months later. But the testimony is indefinite as to whether this second injury disabled him. However that may be, this suit is not for disability caused by the second injury, which is not referred to in the pleadings, but for disability caused by the first one, which occurred on November 6,
 
 *1045
 
 1933. As to that injury, the testimony shows conclusively that plaintiff was disabled on account thereof for a period of only 90 days, and, under the plain terms of the policy and the allegations of his petition, plaintiff can recover for only 3 months.
 

 We find no error in the judgment appealed ‘ from, and it is accordingly affirmed.