## JOHNSON v. UNITED STATES FIDELITY & GUARANTY CO.
### No. 5077.

Court of Appeal of Louisiana.
Second Circuit.
June 26, 1936.

J. V. Thompson, of Alexandria, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

DREW, Judge.

Plaintiff instituted this suit under the Workmen's Compensation Act (Act No. 20 of 1914, as amended), and made defendant the United States Fidelity & Guaranty Company. He did not sue his employer. He claims total and permanent disability, and prays for compensation to the extent of 65 per cent. of his weekly wage for a period of 400 weeks, under the general disability provisions of said act; he further prays for $50, medical expenses incurred by reason of his injury.

Plaintiff bases his claim on an injury received in an accident on November 6, 1933, wherein the fibula of his right leg, about two or three inches above the ankle, was broken.

Defendant admits the accident on the date above alleged, and admits that plaintiff was accidentally injured while performing the duties arising out of and in the course of his employment, that the employment was hazardous and that the defendant herein carried compensation insurance for plaintiff's employer. Defendant denies, however, that plaintiff's injuries disabled him for a period longer than 12 weeks, for which period they paid him compensation.

The judgment of the lower court was one rejecting plaintiff's demands, from which judgment he prosecutes this appeal.

Plaintiff, in the case of Johnson v. Continental Casualty Company, 183 La. 1042, 165 So. 194, filed suit on an accident insurance policy based upon the same accident for which he is now seeking compensation, and the Supreme Court of this state, in the above-cited case, held that his disability caused by the accident of November 6, 1933, lasted for a period of 3 months. The case above cited was tried

upon the same evidence that we have before us, and, since the Supreme Court has found the period of plaintiff's disability, caused by the accident of November 6, 1933, lasted only 3 months, and plaintiff admits he received compensation from the defendant herein for that period of time, we are constrained to find that the judgment of the lower court rejecting his demands for further compensation is correct.

It is therefore affirmed, with costs.