ject. No one but him knows what he bumped against, and it is not shown there was anything in the building for him to bump into unless by negligence on his part.

 Plaintiff contends the rule of res ipsa loquitur should apply in this case. We see no application of it under the facts that we have found.

Plaintiff also invokes Act No. 301 of 1908 regarding the construction of elevators in certain establishments. It has no application here for the reason the elevator is not involved under the facts we find.

We are convinced the lower court was eminently correct in rejecting the demands of plaintiff, and the judgment is therefore affirmed with costs.

Our finding on the merits makes it unnecessary to discuss the exceptions and pleas filed by defendant, and which are only urged here in case we found the facts to be with plaintiff.

HAMITER, Judge.

Defendant appealed from a judgment sustaining a plea of estoppel filed by the General Motors Acceptance Corporation which he had called in warranty.

No appearance in this court has been made by appellant, either through oral argument or brief. This indicates and presumes an acquiescence in the judgment and an abandonment of the appeal on his part. Quilter v. Kearns, 135 La. 807, 66 So. 229; Salassi et al. v. Dougherty et al., 138 La. 1089, 71 So. 194, 195; Brenard Manufacturing Company v. Clawson Mercantile Company, 10 La.App. 209, 120 So. 649; Desoto Securities Company, Inc., v. Walker (La.App.) 170 So. 277.

The judgment is therefore affirmed.

## CALHOUN v. HODGES.
### No. 5411.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1937.

D. W. Gibson, of Harrisonburg, for appellant.

J. C. McGee, of Harrisonburg, and Hudson, Potts, Bernstein & Snellings, of Monroe, for appellee.

## GRABENHEIMER & SONS, Inc., v. HENDERSON.
### No. 5471.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1937.

H. W. Ayres, of Jonesboro, for appellant.

Wm. T. Holloway, of Jonesboro, for appellee.