## McADAMS v. FIELDS.

### No. 2047.

Court of Appeal of Louisiana.  First Circuit.

Dec. 20, 1939.

R. F. Walker, of Baton Rouge, for appellant.

C. G. Spaht and Durrett & Hardin, all of Baton Rouge, for appellee.

DORE, Judge.

This suit is in the nature of a petitory action, together with a demand for the cancellation of a contract entered into by plaintiff and defendant wherein plaintiff agreed to sell and defendant agreed to purchase the property in contest upon certain terms and conditions set forth in the agreement.

Plaintiff alleges that he is the true and lawful owner of the property in contest, having acquired the same by authentic act from the defendant on October 7, 1936; that, shortly thereafter, he entered into a contract to sell the said property to the defendant for the sum of $600, payable in monthly installments of $20, beginning on the date of the agreement and payable on the 5th of each month thereafter, with interest at the rate of 8% from maturity; that, in the event of default of the payment of the monthly installments and/or taxes and/or insurance upon the property when due, then and in that event the contract was to become null, void and of no effect and such payments as were made prior to default were to be considered as rentals for the use of the property; that the payments, being the sum of $67, made under the said contract did not amount to a reasonable rental for the use of the said property; that the defendant failed to record the said contract in the records of the Parish of East Baton Rouge, failed to pay the monthly installments agreed upon, and failed to pay the taxes and insurance due, all contrary to the terms of the contract, and the contract to sell thereby became null and void and of no effect; and that defendant, upon demand, refused to deliver possession of the property. The prayer of plaintiff's petition is that he be declared to be the owner of the property; that the contract to sell same to defendant be ordered cancelled and defendant be ordered to surrender possession of the property to plaintiff.

In substance, defendant denies that the plaintiff is the owner of the property in contest. He admits that he signed the act of sale from himself to plaintiff for the stipulated consideration of $230, but avers that the deed was intended merely as a mortgage to secure the said sum of $230 which plaintiff had disbursed for him in the payment of debts owed by him and the taxes due on the said property, with the privilege of redeeming the property by paying said amount with interest and costs. He denies having entered into any such contract of repurchase as set out in the petition. In the alternative, and in the event that it be found that the deed he had signed was a sale of the property and not merely an act of security or mortgage, then and in that event, he avers that the prop-

erty was well worth more than twice the sum of $230, and that therefore the same should be set aside for lesion beyond moiety.

On the trial of the case, objection was made to the introduction of parole evidence which was offered in support of the defense. The objection, being sustained, had the effect of cutting off the attack made on the validity of the deed, and the contract for repurchase. The trial court rendered judgment in favor of plaintiff in accordance with the prayer of his petition. The defendant has appealed.

█ The defendant, although being notified that this case was duly set for hearing in this court on a certain date, has failed to appear and argue the case or file briefs, apparently abandoning the appeal. We would be justified, on our own motion, in dismissing the appeal on that ground. Succession of James, 1 La.App. 354; Willis v. Belle, 16 La.App. 320, 134 So. 263; Hardman v. Schilling, 18 La.App. 377, 138 So. 189; Johnson v. Casualty Co., 183 La. 1042, 165 So. 194; Calhoun v. Hodges, La. App., 174 So. 209; Bridges v. Gantt, La. App., 187 So. 829; Ford v. Cohen, La.App., 187 So. 830.

█ However, after a review of the case, we have come to the conclusion that the trial court correctly refused to admit parole evidence to vary or contradict the terms of the act of sale or deed from defendant to plaintiff, and the written contract of repurchase by defendant from plaintiff, for two reasons: (1) because there were no allegations of error, mistake or fraud in the confection of these instruments, C.C. Art. 2276; McQueen v. Palmer, La.App., 155 So. 264; and (2) the defendant, having signed the agreement to repurchase the property from the plaintiff, is now estopped from questioning the title of his purported vendor. Armorer v. Case et al., 9 La.Ann. 242.

There being no patent error disclosed by the record, and finding the conclusion reached by the trial court to be correct, the judgment appealed is affirmed.