Lula Wilkinson Fields, as curatrix of her husband, Jake Fields, an absentee, brings this petitory action to have the said Jake Fields recognized as the true and lawful owner of a certain lot, with buildings and improvements, situated in the City of Baton Rouge, and that as curatrix of the said absentee, entitled to the full and undisturbed possession thereof, and ordering the defendant to deliver possession of the said property to her as curatrix of the absentee, with reservation unto her to sue for such damages as she may have suffered for the illegal and unlawful ejectment of her and her household effects from the property.
Plaintiff alleges that she is the lawful wife of Jake Fields, who is and has been an absentee from the Parish of East Baton Rouge, and the State of Louisiana for many years; that on July 28, 1939, she was appointed as curatrix to the absentee and qualified on July 31, 1939, by the furnishing of the required bond; that on July 28, 1939, in the matter of the succession of Philip and Cassie Fields, the father and mother of the absentee, the said absentee was recognized as the sole and only heir of the decedents, and as such, the owner of the property in question, and was placed in possession thereof; and that as curatrix of the said absentee she was in the provisional possession of the property on July 29, 1939, when she was forcibly and against her will ejected from the property by the defendant, J. Holmes McAdams, and the Sheriff of the Parish of East Baton Rouge; that the defendant took and is now in possession of the property without any title or rights thereto.
She avers that the defendant is in the actual physical possession of the property and refuses to recognize the title of the property in the absentee, and refuses to deliver the property to her as curatrix of the absentee.
She further alleges that by being forcibly and illegally ejected from the premises, she suffered certain damages and that she reserves her right to sue therefor.
The defendant filed a plea of estoppel based on certain acts and transaction between himself and Taft Fields, the only son of Jake Fields, involving this property and with which plaintiff was fully acquainted, and that plaintiff had not only represented to him that Taft Fields was the owner of the property, but that she recognized Taft Fields as the owner thereof. The trial court referred the plea to the merits.
Thereafter defendant, in answer, admitted being in possession of the property, and the dispossession of plaintiff and Taft Fields, but denied all of the essential allegations of plaintiff. In further answer the defendant avers that he purchased the property from Taft Fields, the only son of Jake Fields and the plaintiff, who was represented to him by both Taft Fields and plaintiff as being the owner thereof; that thereafter Taft Fields refused to give to defendant the possession of the property; that after extended successful litigation he was finally placed in possession of the property by the Sheriff of the Parish of East Baton Rouge. He further alleges that this present suit is merely the said Taft Fields acting through his mother in an attempt to avoid the effects of the final judgment rendered in the case of defendant against Taft Fields relative to the lot in question.
Thereafter, but before trial, defendant interposed exceptions of no right of action and of no cause of action. These exceptions were referred to the merits.
The trial of the case, resulted in the sustaining of the exceptions of no cause of action and of no right of action, dismissing plaintiff's suit. Plaintiff has appealed.
The only issue before this court is the correctness of the trial Judge's ruling on the exceptions. The exception of no cause of action is to be determined on the allegations of plaintiff's petition which are to be taken as being proven, or on insufficiency of allegations. The exception of no right of action can be submitted on the pleadings or evidence may be introduced thereunder. The plaintiff does not question the ruling of the trial judge in referring both exceptions to the merits.
The basis of the exceptions is that the appointment of Lula Wilkinson Fields, the plaintiff, as curatrix to Jake Fields, the alleged absentee, was illegal, null and void in that (1) on the face of the record Jake *Page 248 
Fields did not own as of the date of his departure from this State any property in Louisiana, movable or immovable, necessitating such an appointment; (2) it was not alleged or proved that Jake Fields was living as of the date of his alleged inheritance, and that therefore there is no way to know that he ever owned the property involved; (3) even had the curatrix been regularly appointed, she could not be entitled to the relief prayed for, for the reason that Philip Fields, the father of Jake Fields, is alleged to have died March 9, 1929, and Cassie Fields, his mother, is alleged to have died November 20, 1934, and therefore before Jake Fields could be recognized as their sole heir and sent in possession, it was necessary to allege and prove that Jake Fields was living at the time of the death of his mother, and if an absentee thereafter, the right of being sent into possession of his property belonged solely to his presumptive heir, Taft Fields, defendant's author in title.
The record discloses that this case is the aftermath of the case of McAdams v. Fields, La.App., 192 So. 719, which involved the same property. The judgment of the District Court, in that case, was rendered on June 14, 1939; the defendant Fields had taken a devolutive appeal to this Court. Plaintiff obtained an order to eject defendant Taft Fields and also his mother, the present plaintiff, and the sheriff executed the writ by dispossessing the defendant Taft Fields and his mother and put the present defendant in possession of the property, which possession he still retains.
Thereafter, on June 29, 1939, fifteen days after the rendition of the judgment in the case of McAdams v. Fields, supra, and after the present defendant had been put in possession of the property, the present plaintiff, Lula Wilkinson Fields, filed a probate proceeding in the District Court for the Parish of East Baton Rouge, wherein she alleges, which for the purpose of this decision is taken as true, that she was the wife of Jake Fields, who is an absentee, having left his home in the City of Baton Rouge, in the year 1916, and was last seen in the latter part of the year 1915, at Ruleville, in the State of Mississippi, but has not been heard from since that time; that at the time of his departure, his father, Philip Fields, and his mother, Cassie Fields, were both living; that Philip Fields died on March 9, 1929, and Cassie Fields died on November 20, 1934, at their domicile in the City of Baton Rouge; that at the time of their death, the decedents owned the property in question, and that their succession had never been opened; that Jake Fields was the only issue of the marriage of the said Philip and Cassie Fields, and was their only heir at law.
She further alleges that at the time the said Jake Fields left his home in the City of Baton Rouge, he had one child born of the lawful marriage with her, namely, Taft Fields; that the said Jake Fields, her husband, has been absent from the Parish for about twenty-three years, and has not been heard from since the latter part of 1916, and "petitioner has no proof whatever that her husband is dead".
She declares that the purpose of that probate proceeding was to cause Jake Fields, the absentee, to be recognized as the surviving child and sole heir of the said Philip and Cassie Fields, and further to secure the appointment of herself as curatrix for her said absent husband, and in her capacity as such to place her in provisional possession of the said property allegedly inherited by him from the said Philip and Cassie Fields. The prayer of her petition is in accordance therewith. The whole proceeding is shown to be ex parte in character. Judgment was rendered on her petition by the District Court on July 28, 1939, granting her prayer. The validity and effect of this proceeding determines the merit of the exceptions under consideration.
Article 76, of the Revised Civil Code provides: "Whoever shall claim a right accruing to a person whose existence is not known, shall be bound to prove that such person existed at the time when the right in question accrued, and until this be proved, his demand shall not be admitted."
The right of inheritance of Jake Fields accrued to him on March 9, 1929, and November 20, 1934. He had departed and had not been heard of since the latter part of 1916. The pleadings of the plaintiff show that the absentee may or may not have been alive at the time his father and mother died. Plaintiff did not allege nor did she make proof that Jake Fields, the absentee, for whom she was claiming the right of inheritance, was living at the time of the death of his father and mother. That is the only circumstance under which Jake Fields could own or be possessed of any property in this state, and consequently the *Page 249 
only reason that could give rise to the appointment of a curator.
We are therefore of the opinion that the ex parte appointment of a plaintiff as curatrix of the absentee Jake Fields was illegal and not warranted and that the ex parte judgment recognizing Jake Fields as the owner of the property herein involved was irregular, null and void, and that the exception of no right of action was properly sustained.
The judgment appealed from is affirmed.