McBRIDE, Judge.
In order to better set forth the nature of this case and the issues presented to us by this appeal, we believe that a statement of the case should be prefaced by a review of the facts giving rise to the litigation.
On March 31, 1947, Alton J. Woods submitted a written offer to purchase the property known as 527 Helois Street, Jefferson Parish, from defendant, John DeMarigny, and his wife, for the price and sum of $4,-500, on terms of $1,800 in cash, the balance of $2,700 to be financed by a loan obtained by Woods for that amount with the property as security. The sale was conditioned upon the ability of Woods to borrow the $2,700 either through a homestead loan or a loan from some other source. The act of sale was to be passed within sixty days.
On April 2, 1947, Woods’ offer was accepted by DeMarigny and his wife. On the reverse of the offer is a stipulation signed by both Woods and DeMarigny reading as follows:
“March 31, 1947
New Orleans, La.
“It is hereby agreed that the sale of the property #527 Helois St., (Me-tairie, La.) is contingent on the passing of the act of sale of two lots sold by the purchaser of the above property, located on Rose Ave., and Carnation St., in Bridgedale, Subdivision, Jefferson Parish, La. which act of sale is not to exceed sixty days from date of acceptance of this offer, however, in the event the act of sale of the purchasers two lots is not passed by the . above specified time for no reason through no fault of the purchaser, then the purchaser shall have the privilege for the return of his deposit on the sale of property #527 Helois St., (Metairie) in the amount of five hundred dollars, or otherwise, should the owner of same agree to extend the time until the act of sale of the purchasers two lots are passed.”
The contracting parties were represented by their respective real estate agents. In due course, in accordance with his offer, Woods deposited with Mark W. Kennedy, *168 DeMarigny’s broker, the sum of $500 to bind the sale.
On May 13, 1947, it seems that DeMar-igny, anxious to start constructing a home, needed $300 in cash with which to purchase lumber and other building materials. The parties agreed that Woods would lend De-Marigny $300 out of the $500 deposit in Kennedy’s hands, and in consideration of the advance DeMarigny would execute a note for the amount thereof, which was to be held by Kennedy along with -the $200 balance remaining out of the deposit.
On May 15, 1947, to evidence the advance, DeMarigny executed his note for $300 payable July 15, 1947, to the order of Woods, the note stipulating for interest at the rate of four per cent per annum from date until pa-id, and further stipulating for ten per cent attorney’s fees if the note be placed in the hands of an attorney for collection or suit brought thereon.
The proposed sale of 527 Helois Street was never consummated between Woods and DeMarigny. The reason why the sale was never consummated will be hereinafter discussed.
Kennedy, the real estate broker, held the $300 note and the $200 cash balance of the deposit in escrow during the months of May, June, and July, and on August 25, 1947, without -the consent of DeMarigny, he delivered to the agent of Woods both the $300 note and the $200 cash balance. Woods’ agent subsequently delivered the money and the note to Woods.
Woods afterward made demand upon De-Marigny for payment of the note, which demand was ignored, and this suit on the note by Woods ensued.
DoMarigny, in his answer to the suit, denied that Woods was the holder and owner of the note for a valuable consideration, and disavowed indebtedness unto Woods for any amount. He then reconvened and claimed that Woods’ deposit had been forfeited due to the failure of Woods to take title in accordance with the agreement of sale, and that therefore Woods was indebted unto him for $500. He prayed for a dismissal of Woods’ demand and for a judgment in reconvention for $500.
The matter was tried on its merits below, and there was judgment dismissing plaintiff’s suit; DeMarigny recovered judgment in reconvention against Woods for $500. Woods has appealed devolutively.
The court below was clearly in error in dismissing the demand of plaintiff. It must be remembered that pending the passage of the formal act of sale of the property 527 Helois Street, the $500 deposit made by Woods, and which was in the hands of DeMarigny’s real estate agent, still belonged to Woods. DeMarigny, needing money, reached an agreement with Woods whereby the agent would advance to him the sum of $300, the agent to take his note for the amount of the advance, which was to be held in escrow along with the $200 balance of the deposit. DeMarigny contends that it would be inequitable to cast him for interest and attorney’s fees on the advance, as such was never contemplated between the parties, either at the time the deposit was made or when the advance was made by the real estate broker to DeMar-igny. Counsel points -to the stipulation in the agreement of sale which states that the deposit was to be non-interest-bearing.
Our conclusion is that this stipulation was made solely in the interest of the real estate brokers as to the deposit made to bind the sale, and cannot be extended to cover the $300 advance made to DeMar-igny, which was the subject of a special agreement between the par-ties and was evidenced by the note which Woods sues upon, the terms of which were of necessity well known to DeMarigny. There was consideration for the note, and Woods is unquestionably entitled to a judgment for the amount of the note, to-wit, $300, plus the interest and attorney’s fees stipulated for therein.
Counsel for the defendant seeks to inject the question of offset into the case, but in view of our conclusion this question need not be discussed. Under no circumstances is the defendant entitled to any recovery whatever on his reconventional demand.
DeMarigny contends -that Woods, in not having taken title to the property within *169 sixty days, irrevocably forfeited the $500 deposit. Great reliance is placed by De-Marigny on the following provision contained in the agreement of sale:
“ * * * In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit ipso facto, forfeited, without formality and without placing purchaser in default, time being' the es-cence of this contract; * * *
DeMarigny’s position is that Woods made no attempt to obtain a loan on the property to facilitate the passage of the act of sale within the designated period, and that therefore, under the above-quoted provisions of the agreement, the $500 was automatically forfeited when the act of sale was not passed by the end of the sixty-day term. In this connection we are cited to the case of Schroeder v. Morris, La.App., 20 So.2d 437. We do not think the cited case is apposite, because its facts can be differentiated from those now confronting us, and we find it unnecessary to make any further mention of the cited case.
The act of sale of Woods’ property on Rose Avenue and Carnation Street, in Bridgedale Subdivision, was not passed until March 20, 1948, or more than 11½ months after DeMarigny accepted the Woods offer for the purchase of DeMarig-ny’s property.
The unambiguous terms of the herein-above quoted stipulation, concerning the sale of the Bridgedale property of Woods, reflect that Woods only agreed to purchase the property on Helois Street contingent on the passing of the act of sale of his lots in Bridgedale within a sixty-day period from the date of the acceptance by DeMarigny of his offer to purchase, otherwise he was to have the return of his deposit which he made to bind his purchase from DeMarig-ny, provided that the failure to pass the act of sale of the Bridgedale property was not due to his fault.
The evidence in the case, according to the statement of facts agreed upon by counsel, does not show that the sale between Woods and DeMarigny was not consummated because Woods did not make an effort to obtain a loan on the property. On the contrary, the facts indicate strongly that the sale was not passed because Woods did not formally sell the Bridgedale property within the sixty-day period, and as a consequence could not finance his deal with DeMarigny. But whether Woods was dependent upon the proceeds of the Bridge-dale property is beside the question. The agreement of the parties was that the deposit would be returned if, through no fault of Woods, the sale of the Bridgedale property did not pass, and this agreement, which was legally entered into, has the binding effect of law as between the parties. R.C.C. art. 1901.
.Counsel for DeMarigny concedes that the act of sale of the Bridgedale property was not passed until more than 11½ months after Woods’ agreement to buy the De-Marigny property, but argues that if the Bridgedale lots were not sold within the sixty-day period, DeMarigny had the right to and did actually extend the time for the passage of his sale to Woods until such time as the Bridgedale property was sold by Woods. It seems that the stipulation does provide that DeMarigny could extend the time for the sale, but nowhere in the record is there any evidence whatsoever showing, or even remotely tending to show, that he ever granted an extension to Woods. At any rate, counsel is inconsistent in his contentions. We say this because it is strenuously argued that Woods forfeited his deposit by not taking title within sixty days from the acceptance of the offer, while in the same breath counsel contends that DeMarigny extended the sixty-day term until such time as Woods passed title to his Bridgedale property.
It was not necessary for plaintiff to move for a new trial before taking this appeal. In this state, moving for a new trial is not a condition precedent to the taking of an appeal. This point is so well- settled that we believe it unnecessary to cite authorities so holding.
The judgment appealed from is erroneous, and it is now ordered, adjudged, and decreed that it be reversed, and that there be judgment in favor of plaintiff and against the defendant for the full sum of *170 $300, together with four per cent per an-num interest from May IS, 1947, until paid, together with ten per cent of such principal and interest as attorney’s fees, and for all costs of both courts; the reconventional demand filed by defendant is rejected.
Reversed.