McBRIDE, Judge.
Plaintiffs seek to recover from defendant the sum of $450, which they deposited with defendant in connection with a certain building contract whereunder the defendant agreed to erect a house on a lot of ground owned by plaintiffs for the price of $7,004. In addition to the cash deposit, plaintiffs executed and delivered to defendant their promissory note for $6,554. It is alleged that it was understood that the contract would not become effective unless and until plaintiffs secured a mortgage loan on the property from a reliable homestead association for a sum equal to the amount of the contract. Plaintiffs aver that they endeavored to obtain such loan, but without success. The petition also alleges that because of the limitations placed on lending agencies by the Board of Governors of the Federal Reserve System, with the concurrence of the Housing and Home Finance Administrator, under authority of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq., commonly referred to as Regulation X, the building contract is irregular and illegal in that said regulation requires the borrower to advance seventeen percent of the cost of construction.
The defendant in answer claims that it was always ready and willing-to erect the building for plaintiffs, but that' they ' objected to the commencement of the work. It is alleged that the defendant even went so far as to send certain equipment and materials to the situs of-the proposed job. By reconventional demand defendant claims from plaintiffs the amount of profit it would have made had the plaintiffs permitted defendant to complete the contract.
After a trial in the district court plaintiffs recovered judgment for $450, and under their prayer for equitable and general relief the judge ordered and decreed the avoidance and cancellation of the promissory note of $6,554. The reconventional demand was dismissed. Defendant has perfected this appeal.
When the case was called for argument it was submitted by the plaintiffs on the brief filed by them. The defendant was unrepresented. Defendant assigned no error' and filed no brief, leaving to the court itself the task of ascertaining the legal rights and obligations of the parties. Our first impulse was to affirm the judgment under authority of the provisions of the third paragraph of our Rule XI, which in part reads:
*220 “When the case is called for argument, and appellee alone is represented, and no brief has beeri filed by appellant; the Court may; upon its own motion, or upon oral motion of counsel, affirm the judgment-appealed from. * * *”
However, iii view of the answer to the appeal filed by the appellees, we deemed it necessary to review the record. A careful study thereof convinces us that the judgment is correct. The plaintiffs could never obtain the mortgage loan on which the building contract was predicated, and from a letter in the record it appears that the defendant itself also endeavored to secure a loan in a sufficient amount on behalf of plaintiffs but was unsuccessful in its attempts. Apparently the parties long ago considered the contract to be ineffectual.
Therefore, as the condition upon which the contract was predicated was never met, the plaintiffs were at liberty to recede from the contract. See Decker v. Renaudin, 10 La.App. 725, 122 So. 600; Savich v. Ruiz, La.App., 32 So.2d 415; Woods v. DeMarigny, La.App., 59 So.2d 167.
In their answer to the appeal plaintiffs pray that there be assessed against appellant damages amounting to the sum of ten percent of the judgment on the ground that the appeal is frivolous and was taken for the purpose of delay.
Damages under Art. 907, C.P., will be allowed for frivolous appeal, when the appellant makes no appearance in the appellate court, files no brief, and makes no argument. Victory Homestead Ass’n v. Hughes, 12 La.App. 30, 125 So. 168; J. C. Wolf, Inc. v. Klein Bros., Inc., 13 La.App. 436, 128 So. 304; Hardman v. Schilling, 18 La.App. 377, 138 So. 189. Such inaction on the part of appellant creates a presumption that the appeal has been abandoned. Grand Lodge of the State of Louisiana, Knights of Pythias v. Natchitoches Lodge No. 89, 215 La. 300, 40 So.2d 472, and numerous authorities therein cited.
For the above reasons the judgment appealed from is amended so as to provide that the defendant-appellant is condemned to .pay plaintiffs the sum of ten percent of that part of the judgment running in favor of plaintiffs for $450, as a penalty for this frivolous appeal, and as thus amended, and in all other respects the judgment is affirmed.
Amended and affirmed.