CURRAULT, Judge.
This appeal originates in the First Parish Court, Parish of Jefferson, wherein the Parish Court judge ordered that there be judgment in favor of defendants, Joseph and Eilene Campise, and against plaintiff, Noel Gilbert, dismissing plaintiff’s suit and further ordering the sheriff of Jefferson Parish, Harry Lee, to return to defendants all items sequestered by previous order of the court. From this judgment, Harry Lee, Sheriff of Jefferson Parish, has appealed.
Plaintiff leased to defendants an apartment on a month-to-month basis. When defendants became delinquent in their rents, plaintiff filed suit to rescind the lease together with past due rents, interests and attorney’s fees. Plaintiff further prayed for the issuance of a writ of sequestration directing the sheriff to seize and to hold all of the movables in the leased premises. A writ of sequestration was issued on May 10, 1976, and consequently on August 20, 1976, the sheriff did seize the items and transferred that property to Security Van Lines, Inc. for storage. Judgment was never rendered, however, as to the remaining portions of the petition.
On September 15,1982, the sheriff filed a rule to sell the seized property for non-payment of storage charges in the amount of One Thousand Three Hundred Eighty-Three and 75/100 Dollars ($1,383.75). Defendants, Joseph and Eilene Campise, responded by filing an exception of abandonment of lawsuit asserting that the suit has been abandoned, prayed for the return of their property, and that plaintiff’s suit against them be dismissed with prejudice. Judgment was rendered October 25,1982, in favor of defendants and against plaintiff dismissing his suit with prejudice and further ordering the return of the seized property. Harry Lee, Sheriff of Jefferson Parish, has appealed.
On appeal, appellant has failed to assign any specification of errors as required by our court Rule 2-12.4; however, we glean the issues to be as follows:
(1) Whether or not appellees have abandoned the property; and
(2) Whether or not the Jefferson Parish Sheriff’s Office’s right to collect the payment of storage costs depends upon the disposition of the original suit requesting the seizure.
Additionally, appellees raise this issue:
Whether or not the Sheriff’s Office’s appeal is frivolous.
I. HAVE APPELLEES ABANDONED THE PROPERTY?
Appellant argues that since appel-lees did not make any attempt to secure the return of their property for over six (6) years and could have done so easily through employment of LSA-C.C.P. art. 3507, then they have abandoned the stored property and are the parties responsible for the accrual of the storage fees. We find no merit to this argument.
Under LSA-C.C.P. art. 3507:
A defendant may obtain the release of the property seized under a writ of attachment or of sequestration by furnishing security for the satisfaction of any judgment which may be rendered against him. (Emphasis added)
This article does not obligate a defendant to pursue the release of his seized property, but instead is permissive in nature and only makes available the opportunity to secure the return of his property should he opt to do so.
Accordingly, this argument is dismissed for lack of merit.
II. DOES THE JEFFERSON PARISH SHERIFF’S OFFICE’S RIGHT TO COLLECT PAYMENT OF STORAGE COSTS DEPEND UPON THE DISPOSITION OF THE ORIGINAL SUIT REQUESTING THE SEIZURE?
It is appellant’s contention that his right to secure the payment of storage costs by the sale of the stored property is an action which is separate and distinct from the original lawsuit and is, therefore, not dependent upon the disposition of the original suit.
*425 In support of his contention, appellant cites LSA-R.S. 13:3876 which specifically grants him the right to sell stored property for the payment of storage costs and is as follows:
Whenever movable property under seizure has been stored in a sheriff’s or constable’s warehouse, and more than six months have elapsed without the payment, by the parties in interest, of any storage charges during that period, the sheriff or constable, as the case may be, shall proceed summarily by rule, in term time or in vacation, against the seizing plaintiff and the defendant and other parties, shown by the record to have an interest in the stored property should not be sold to pay and satisfy the storage charges, and other charges and commissions of the sheriff or constable. On the trial of such rule, the sheriff or constable shall be entitled to a judgment ordering the sale of the stored property, upon producing evidence that no storage charges have been paid thereon for a period in excess of six months. If any party to the suit cannot be served for any reason, he shall be represented by an attomey-at-law to be appointed by the court, and the return of the sheriff or constable that the party cannot be located for service, shall be sufficient authority for the appointment of an attorney-at-law. When the property is ordered sold, pursuant to the provisions of R.S. 13:3876 and 13:3877, it shall be sold by the sheriff or constable, as the case may be, without appraisement, to the highest bidder, for cash, after advertisement as required by law for the sale of movable property. No suspensive appeal shall be taken from any judgment ordering the sale of stored property, unless the party appealing furnish bond, with good and solvent surety, conditioned as the law directs, for double the amount of the charges, costs and commissions due the sheriff or constable. As amended Acts 1964, No. 159. (Emphasis added) ’
There is no question that the appellant’s' right to collect storage charges as provided by the above statute is separate and distinct from the underlying action. Regardless, appellant possesses only a right to collect such costs and, if he has items, to sell to satisfy those costs, then he is entitled to sell them. However, since there no longer remains any property to be sold to satisfy the storage charges, it does not necessarily follow that appellant has lost all avenues of collection.
Appellant asserts that it was the clear intent of our legislature to protect and secure public funds in that it gives the sheriff a lien against the stored property sufficient to cover the storage costs. We agree with this interpretation as the sheriff has no discretion as to whether he will or will not enforce a writ issued by the clerk of court, but is obligated to enforce all such orders. However, the appellant is not a “helpless third party” to the extent he would have this court believe.
The very same statute appellant relies upon for collection also straightforwardly dictates that if more than six months have elapsed without payment by any parties of any storage charges, then he shall proceed summarily to have the stored property sold to satisfy such charges. Had appellant chosen not to wait six years before filing his rule, the original action which he depends upon would have been viable and all parties with interest would be liable for such charges.
However, now that the original suit has properly been dismissed and the property returned, the appellant is left with only a right to collect his costs. The question then is against whom should he proceed to collect storage charges.
Since the storage fee is a direct result of the seizure and the seizure flowed from plaintiff’s petition, it is he, the plaintiff, who is ultimately responsible for such fee. The First Parish Court was correct in assessing such fee against plaintiff and he is the party from whom appellant should seek such costs.
FRIVOLOUS APPEAL
Appellees contend the appeal is frivolous in that the appellant has created a pre *426 sumption that they have abandoned their appeal, and thus they have appealed solely for delay and/or counsel for appellant does not seriously believe in the view of the law which he advocates.
Appellees cite Mathews v. Eight Mile Post Plumbing Supplies, Inc., 70 So.2d 218 (La.App.Cir.1954) in support of their contention. In Mathews, the court allowed damages for frivolous appeal when the appellant made no appearance in the appellant court, filed no brief, and made no oral argument, since such inaction on the part of appellant created a presumption that the appeal has been abandoned. Mathews, supra, however, is clearly distinguishable from the instant case in that, although late, appellant has filed a brief. Further, we do not agree that appellant’s actions have in any way created a presumption that the appeal is either abandoned or frivolous. Accordingly, this argument is dismissed for lack of merit.
Therefore, for the above stated reasons, we affirm the judgment of the First Parish Court in favor of appellees, Joseph and Eilene Campise, and against appellant, the Sheriff of Jefferson, Harry Lee, dismissing the lawsuit entitled Noel Gilbert v. Joseph and Eilene Campise as abandoned. We further find that the First Parish Court was correct in dissolving the writ of sequestration and returning all items sequestered. Accordingly, placing the burden of storage costs on the plaintiff, Noel Gilbert, was also correct.
AFFIRMED.